## REUBEN MARSHALL V. LOU SA MARSHALL.

(Filed July 30, 1898.)

1. APPEAL—*Loss of Case-Made—Failure to Appeal.* When a party to a suit takes time in which to prepare and serve a case-made for the supreme court, and his attorneys, within the time allowed by the trial court, make and serve such case-made on the attorneys for the adverse party, and the case-made so served is lost, and no explanaton is made in the petition for new trial as to how such loss occurred, other than "it was mislaid and lost without the fault of the party or his attorneys," and the petition for a new trial contains no allegation as to the time of such loss, but alleges that his attorneys neglected to have his case-made settled and signed by the trial judge within time, and neglected to appeal within one year after final judgment, such loss and the negligence of the party's own attorneys are no excuse for not perfecting his appeal within the statutory time, and do not constitute such unavoidable casualty or misfortune as would prevent him from prosecuting or defending, or as would entitle him to maintain a suit for new trial, under section 588 of the Code of Civil Procedure of the Statutes of Oklahoma of 1893.

2. SAME—*False Testimony—New Trial—Petition for—Demurrer.* False and perjured testimony will not excuse a party from appealing from a judgment after a new trial has been denied; nor can such party maintain a suit for a new trial after he has permitted his time to appeal to go by without perfecting his appeal, especially when he has no excuse except the negligence of his attorneys, and the unexplained loss of his case-made; and a petition for new trial which alleges no other material fact is not good, and a general demurrer thereto should be sustained.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before Jno. L. McAtee, District Judge.*

*J. T. Bradley,* for plaintiff in error.

*J. C. Robberts* and *George B. Robberts,* for defendant in error.

Action by Reuben Marshall against Louisa Marshall. Demurrer to plaintiff's petition was sustained, and plaintiff brings error. Affirmed.

Opinion of the court by

BURWELL, J.: This is an action brought by Reuben Marshall in the district court of Kingfisher county, under section 588 of the Code of Civil Procedure of the Statutes of Oklahoma of 1893, against Louisa Marshall, to reverse, vacate, and set aside a certain judgment rendered in said court on the 3rd day of October, 1895, for the sum of $1,900 and costs, and for a new trial, on the ground of fraud practiced by said Louisa Marshall in obtaining such judgment, and for unavoidable casualty or misfortune preventing the plaintiff in this action from prosecuting his appeal.

Reuben Marshall and Louisa Marshall were husband and wife, living in the county of Barber, state of Kansas. On July 16, 1885, the district court of Barber county, Kan., at a regular term day of that court, rendered a decree in favor of Louisa Marshall, divorcing her from Reuben Marshall, and rendered judgment against Reuben Marshall for alimony in the sum of $1,500, and the further sum of $35 per month until such time as one Mary Marshall, a daughter born of said marriage, then nine years old, reached her majority, and also for the further sum of $50 for Louisa Marshall's attorney's fees, and for costs of suit. The court in that action appointed a receiver to take charge of certain personal property of Reuben Marshall, and said receiver was directed to sell such personal property and pay the proceeds to Louisa Marshall. After the receiver had kept the personal property referred to above for some time, he sold the same, and paid the proceeds thereof, after deducting the expense of keeping and the costs of the receivership, amounting to $500, to Louisa Marshall, which sum, Reuben Marshall claims, under a certain stipulation, which

purports to have been signed by the attorneys for both plaintiff and defendant in that action, was to be in full payment and satisfaction of the entire judgment in that case.

On August 29, 1887, Louisa Marshall brought suit in the district court of Barber county, Kan., against Reuben Marshall, to correct and reform the judgment entered in the former suit. That case was changed to Sedgwick county, Kan., on account of the then presiding judge being disqualified; and a trial was had on October 22, 1887, which resulted in a judgement in favor of defendant, Reuben Marshall. Two years later, Reuben Marshall left Barber county, Kan., and came to Oklahoma, locating in Kingfisher county, where he has resided ever since.

On September 2, 1893, Louisa Marshall commenced an action in the district court of Kingfisher county, Territory of Oklahoma, against Reuben Marshall on the judgment rendered in favor of Louisa Marshall and against Reuben Marshall, in the district court of Barber county, Kan., praying judgment against the defendant, Reuben Marshall in the sum of $3,377.50, with interest and costs of suit, and for other relief. Issues were joined in that action, and a trial was had in that court, which resulted in a judgment for plaintiff, Louisa Marshall, in the sum of $1,900 and costs of suit. The defendant, Reuben Marshall, then filed his motion for a new trial within time, which motion was by the court overruled on October 5, 1895. Time was given in which to make and serve a case-made for the supreme court, and the defendant in that action, within the time given by the court, prepared and severed a case-made upon attorneys for the plaintiff, Louisa Marshall; but, after such case-made had been

served upon plaintiff's counsel, it was mislaid and lost, and was not found for more than a year after the order overruling defendant's motion for a new trial was entered by the trial court. Reuben Marshall on January 28, 1897, commenced an action in the district court of Kingfisher county, Territory of Oklahoma, to vacate and set aside the judgment rendered against him in that court as stated above. The defendant in this case, through her attorneys, filed a demurrer to the plaintiff's petition, which demurrer was by the court sustained. Plaintiff then and there excepted to the ruling of the court sustaining such demurrer, and now brings his case to this court by appeal on a transcript, and prays a reversal of the judgment of the lower court.

This action is brought under sections 586 and 588 of the Code of Civil Procedure, which sections are as follows:

"Sec. 586. The district court shall have power to vacate or modify its own judgment or orders, at or after the term at which such judgment or order was made: * * Fourth, for fraud practiced by the successful party in obtaining the judgment or order. * * Seventh, for unavoidable casualty or misfortune, preventing the party from prosecuting or defending," etc.

"Sec. 588. The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8 and 9, of section 586, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

The question presented to this court for decision is, did the petition of plaintiff below, (plaintiff in error here,) state facts sufficient to constitute a cause of ac-

tion? If it did, then the judgment of the court should be reversed; otherwise it should stand. Plaintiff's peti tion contains, as an exhibit, all of the pleadings, evidence, orders, judgments, and proceedings of the trial court in the case of Louisa Marshall against Reuben Marshall in the district court of Kingfisher county. From this petition we learn that the plaintiff and defendant in this case joned issues in that case, and proceeded to trial before the court without a jury. After having heard all the evidence, the court found for Louisa Marshall, and rendered judgment in her favor in the sum of $1,900 and costs. The defendant, after an adverse ruling on his motion for a new trial, made and served his case-made in due time; but his attorneys, through their negligence, never had it settled and signed by the trial judge, and did not perfect his appeal to the supreme court within one year after final judgment. The plaintiff also alleges that after his case-made had been served it was lost, without the fault of himself or his attorneys, but does not state the facts as to how the loss occurred. This loss and the negligence on the part of his attorneys are alleged as unavoidable casualty or misfortune.

Do such loss and the negligence on the part of his attorneys excuse him from perfecting his appeal within the statutory time? We think not. The acts of an attorney are, in law, the acts of his client. This rule, though harsh at times, is nevertheless just and right. I' a party, when bringing a suit, or when called upon to defend an action against him, in exercising his judgment and discretion in employing counsel, is so unfortunate as to employ counsel who are negligent, and who fail to properly prosecute or defend his action, he alone should suffer the consequences of their negligence, and should

be relegated to his action for damages against them.

Graham and Waterman, in their work on New Trials, in volume 3, on page 1520, say: "It is a settled rule that a new trial ought not to be awarded on account of the neglect of the agent or attorney of the party applying for it; for such neglect is equivalent to the neglect of the party himself, and he may have a remedy over against his attorney or agent. The privilege of managing the prosecution or defense of a suit, by agent or attorney, is not peculiar to those who are physically incapable of attending to it themselves. The same privilege is allowed by law to every person, and wherever the law allows the same privilege the same legal consequences must follow from it."

Horton, C. J., in the case of *Holderman v. Jones*, (Kan. Sup.) 34 Pac. 352, says: "It is the general rule that neither ignorance, mistake, nor the misapprehension of an attorney, not occasioned by the adverse party, is any ground for vacating a judgment or granting a new trial. Neither will relief be ordinarily granted by the way of a new trial on the ground that the attorney, through design, ignorance, or negligence, mismanaged the defense. The negligence of the party is no ground for a new trial. The negligence of the attorney is the negligence of the party."

This doctrine is also laid down in Freem. Judgm. sec. 508 and is upheld by many other authorities too numerous to cite in this opinion.

A careful examination of the authorities convinces us that when a party to a suit takes time in which to prepare and serve a case-made for the supreme court, and his attorneys, within the time allowed by the trial court, make and serve such case-made on the attorneys for the

adverse party, and the case-made so served is lost, and no explanation is made in the petition for new trial as to how such loss occurred, other than that "it was mislaid and lost without the fault of the party or his attorneys," and the petition for new trial contains no allega tion as to the time of such loss, but alleges that his attorneys neglected to have his case-made settled and signed by the trial judge within time, and neglected to appeal within one year after final judgment, such loss and the negligence of the party's own attorneys are no excuse for not perfecting his appeal within the statutory time, and do not constitute such unavoidable casualty or misfortune as would prevent him from prosecuting or defending, or as would entitle him to maintain a suit for new trial, under section 588 of the Code of Civil Procedure of the Statutes of Oklahoma of 1893

The plaintiff also alleged in his petition for a new trial that Louisa Marshall was, on the trial of the case in the district court of Kingfisher county, guilty of giving false and perjured testimony, and urges that he is by reason of such fraud entitled to a new trial. The testimony given by Louisa Marshall on that trial may have been false. This, however, we do not pass upon, being bound by the findings of fact of the trial court; and, whether true or false, the defendant was not surprised thereby, because the testimony given by her was strictly in support of the allegations of her petition. The petition gave defendant notice of what the plaintiff's evidence would be, and it was his duty to meet that evidence upon the trial. New trials on the ground of fraud and surprise are only granted in cases where parties are actually sur-prised—where fraud has been actually committed, and the party against whom it was practiced could not, with

due diligence, have foreseen it, so as to meet it on the trial. The question at issue in the court below, in which defendant in this action recovered judgment against plaintiff, was the validity of the judgments rendered in the district courts of Barber and Sedgwick counties, in the state of Kansas, the amount due on said judgments, and the validity of a certain stipulation which purports to have been signed by the attorneys of both parties. Mrs. Marshall's petition pleaded the existence and validity of the judgments, together with other necessary facts, which petition was verified by her. The defendant then pleaded payment and satisfaction thereof, to which plaintiff replied with a general denial. The truthfulness of the allegations of the pleadings in that case are the identical issues that would have to be tried under the allegations of Reuben Marshall's petition for a new trial, and, if a new trial were granted, these same issues would necessarily have to be tried over again for the third time. Mrs. Marshall verified her petition, and it seems to us that plaintiff in this action ought to have reasonably expected her to swear to the same facts upon the trial; and while it can be said, as a general rule, that one has a right to expect the opposite party to testify truthfully, nevertheless, if the issues are such as will notify him that certain evidence is absolutely necessary to justify a recovery, he must secure the truthful evidence to overcome it on the trial, if such evidence is within his control. If he does not use diligence, or was not actually surprised he cannot complain. To illustrate: Is one who has been tried for murder excused for not proving an alibi, just because he was innocent, and because the testimony on which he was convicted was false? Certainly not. Nor will one be excused from defending against untruthful

allegations in a petition. If this were not so, nearly every trial in the courts in which there is an issue of fact might have to be tried over again on account of perjury committed by one of the parties. When certain alleged facts are properly set out in a petition, and a defendant, through indifference, stands by and does not defend against them, he will not be permitted, in a petition for a new trial, to try over again the same questions that were in issue in the original trial. False and perjured testimony will not excuse a party from appealing from a judgment after a new trial has been denied, nor can such party maintain a suit for new trial after he has permitted his time to appeal to go by without perfecting his appeal, especially when he has no excuse except the unexplained loss of his case-made, and the negligence of his own attorneys; and a petition for a new trial which does not allege any other material fact is not good as against a general demurrer.

It is contended by counsel for plaintiff in error that new trials are favored by the courts when there is any question as to the correctness of the verdict, and many authorities are cited in support thereof. This undoubtedly is true, but it is subject, however, to some modifications. The plaintiff in error in this case had his remedy in the court below, by appealing from the judgment rendered against him in the case entitled "Louisa Marshall against Reuben Marshall," but through the negligence of his attorneys, which in law was his negligence, he failed to perfect his appeal. While it is the spirit of our laws to give parties a right to appeal, and an opportunity to have corrected any errors upon the trial of cases in lower courts, they must exercise that right with due diligence according to the rules laid down by our

laws; and one will not be permitted to fold his hands until after his time to appeal has elapsed, and then invoke the assistance of a court of equity. The right of appeal is a statutory right, and persons desiring to avail themselves of its benefit must place themselves within the statutory provisions. Not a single question of law or of fact is presented in this suit which was not presented in the original case in Kingfisher county, and which could not have been reviewed by this court on an appeal from the judgment rendered in the case of Louisa Marshall against Reuben Marshall, and which could not, with due diligence, have been met by the plaintiff in error in such trial, except the question arising from the loss of the case-made, which we have heretofore discussed.

While the briefs of both parties present other questions of law for our consideration, we deem it unnecessary to discuss them at this time, for the reason that the failure of the plaintiff in error to appeal from the judgment of the lower court against him, and in favor of Louisa Marshall, is fatal to his right to maintain this action, and we cannot consider any question involved in that trial. The judgment of the trial court became final when the plaintiff in this suit failed to appeal therefrom. The demurrer to plaintiff's petition was properly sustained.

For the reasons herein stated the judgment of the lower court is affirmed, and judgment rendered against the plaintiff in error for all costs of this action. The clerk of this court will issue a mandate to the court below in conformity herewith.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.