J. H. BUTTS AND J. A. BUTTS v. EMMA E. ANDERSON AND H. H. ANDERSON.

(Filed September 5, 1907.)

(91 Pac. 906.)

NEW TRIAL—Grounds—Death of Stenographer. The district court is only authorized to grant new trials for the causes, in the manner, and within the time set forth in the statute, and it is manifest and material error to grant a new trial for the reason the complaining party is unable to procure anyone who can transcribe a deceased stenographer's shorthand notes of the proceedings on the trial.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

Reversed and remanded.

P. S. *Nagle* and W. A. *McCartney*, for plaintiffs in error.

D. K. *Cunningham*, for defendants in error.

Opinion of the court by

BURFORD, C. J.:   The plaintiffs in error brought their action in the district court of Kingfisher county, Oklahoma, to recover from the defendants in error upon a written contract for building material furnished by them to the defendants, and for the enforcement of a mechanic's lien against the real estate upon which the building material had been used.   The defendants in error answered, first, by a general denial, and, second, by alleging that the plaintiffs in error were dealers in lumber and building material at Kingfisher, Oklahoma, and as such dealers were members of a pool or unlawful agreement with other lumber dealers, in restraint of trade, and for such reason were not entitled to recover in said action.   To this answer the plaintiffs replied by general denial.   On March 11, 1904, the cause was tried to the court, a jury having been waived by both parties.   After hearing the evidence the court found for the plaintiffs and against the defendants, and rendered judgment in favor of the plaintiffs, Butts & Co., against H. H. and Emma E. Anderson, the defendants, for the sum of $762.67, with interest at 6 per cent from May 22, ———, and decreed the foreclosure of the lien filed by plaintiffs. It appears that the clerk failed to record this judgment upon the journals of the court until the 13th day of March, 1905.   On March 14, 1904, the defendants filed their motion for new trial, which was by the court overruled, and time given to make and serve case for an appeal.   The record occupied this status until March 13, 1905, at which time the defendants filed a second motion for new trial, in which it was alleged as grounds therefor that, after the trial of the cause and before the defendants had

been able to procure a transcript of the evidence submitted on the trial, the court stenographer died, and no one had been found who was able to. read his notes, and . that defendants were, for. this reason, entitled to a new trial. This motion was .presented to the court on March 14, 1905, and by the court sustained, for the reason, as set forth in the order and judgment of the court, "that the defendants were unable to get a transcript of the evidence of the trial held on March 11, 1904, by reason of the death of the court stenographer, Thomas F. Millikan." To this order granting a new trial the plaintiffs excepted, and bring the cause here on appeal from such order.

This court, in the case of *Weller v. Western State Bank,* 18 Okla. 478, 90 Pac. 877, stated the rule to be that orders of the trial court granting new trials should not be reversed unless it can be seen that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, without which error the ruling of the court granting the new trial would not have been made; yet, where the question presented was one purely of law, and the reviewing court is satisfied that an error of law was committed by the trial court, the order granting the new trial will be reversed and the judgment reinstated. Applying this rule to the case at bar, what is the result?

Our code of civil procedure controls in such matters. Section 295, civil code, (Wilson's Statutes 4493), provides: "A new trial is a re-examination in the same court of an issue of fact, after a verdict by a jury, report of a referee, or a decision by the court. The former verdict, report or. decision shall be vacated and a new trial granted on the application of the party aggrieved for any of the following causes affecting materially the substantial rights of such party: First. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial. Second. Misconduct of the jury or prevailing party. Third. Accident or surprise which ordinary

prudence could not have guarded against. Fourth. Excessive damages, appearing to have been given under the influence of passion or prejudice. Fifth. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property. Sixth. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law. Seventh. Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial. Eighth. Error of law occurring at the trial, and excepted to by the party making the application." By the provisions of section 4497, the maximum time in which any proceedings may be commenced for the granting of a new trial is one year from the date final judgment was rendered. The cause for which the court granted a new trial does not even remotely come within any of the causes set forth in section 4493 for which the trial court may grant a new trial.

The next statutory provision in relation to new trials is section 4760, Wilson's Statutes, which is as follows: "The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: First. By granting a new trial for the cause, within the time and in the manner prescribed in section two hundred and ninety-nine. Second. By a new trial granted in proceedings against defendants constructively summoned as provided in section seventy-eight. Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order. Fourth. For fraud practiced by the successful party in obtaining the judgment or order. Fifth. For erroneous proceedings against an infant, or a person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. Sixth. For the death of one of the parties before the judgment in the action. Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defend-

ing. Eighth. For errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section four hundred and four. Ninth. For taking judgments upon warrants of attorney for more than was due to the plaintiff when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment." These several provisions embrace the causes for which the district court may set aside its judgments and grant new trials. The causes for which a court may grant new trials are for errors or omissions occurring prior to the rendition of judgment, except for newly discovered evidence after the trial, for which cause the judgment may be vacated and a new trial ordered.

In the case under consideration the cause was regularly tried, and judgment rendered. The motion for new trial was filed long after judgment, and was based upon statutory grounds, but no statutory grounds were found to exist. It is true the clerk had failed to record the judgment, but this did not go to the merits of the controversy or affect any substantial right of the defendants. The court had the power at any time to cause its clerk to make a record of the judgment it had rendered, and, if the court had rendered a judgment—and it is conceded by both parties that the judgment was regularly rendered on the 11th day of March, 1904—and the clerk failed to record such judgment, it was the duty of the court to direct the clerk to properly record its proceedings, and this could be, and was in fact, done *nunc pro tunc.* The cause upon and for which the court set aside its judgment was that, after the trial and after the judgment had been rendered, the court stenographer who took the shorthand notes of the trial had died, and the defendants, desiring to appeal the case, could find no one who could transcribe the shorthand notes of the deceased stenographer. We know of no law, nor have we been advised of any, which empowers the court to grant a new trial because of the inability of the judgment debtor to procure his record or prosecute his appeal. The law provides that the party desiring to take

J. H. Butts *et al.* v. Emma E. Anderson *et al.*

an appeal will prepare a case, setting out substantially so much of the record as will make apparent the errors relied upon, and the service of his prepared case upon the adverse party, who may, if not satisfied with its contents, propose such amendments as he may deem necessary, and, upon proper notice by either party, the court will settle the case. Upon such a case he may file his petition in error and have the judgment complained of reviewed by the appellate court. While the law contemplates that either party may have the stenographer to transcribe his shorthand notes, upon payment of the necessary fees therefor, it does not contemplate that such is the only method of preparing a record for a case-made.

Ever since courts of record have been established, and courts of appeals authorized to review the proceedings whereby judgments have been obtained, records have been prepared, the oral testimony of witnesses reproduced in writing, and the rulings of the court and exceptions thereto saved, and it is only within the past quarter of a century that shorthand reporters have been known to the courts. It is a manifest injustice to the plaintiff in this case to have his judgment vacated and a new trial ordered, not for any error in the proceedings or mistake of the parties, or court officers, but because long after the judgment was rendered a condition arose by which the dissatisfied party was unable to perfect an appeal from a judgment which this court must presume was right and just. The district court erred upon a pure and simple question of law, and granted a new trial without cause, when it was in duty bound to overrule the motion.

The ruling and order of the court sustaining the motion and granting a new trial is reversed, set aside, and vacated, and the said motion for new trial is overruled, at the costs of the defendants in error. and said judgment is reinstated in full force and effect as originally rendered and entered.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.