JOHN B. TURNER, Chief Justice.
SAMUEL W. HAYES,
R. L. WILLIAMS,          } Justices.
MATTHEW J. KANE,
JESSE J. DUNN,

FARMERS' & MERCHANTS' BANK v. WELBORN *et al.*

No. 1588.   Opinion Filed February 6, 1912.

(121 Pac. 620.)

**NEW TRIAL—Grounds—Loss of Stenographer's Notes.** The fact that the stenographer, who took the testimony at a trial, loses his note-book and is unable to make a transcript thereof for the losing party, is not sufficient ground for a new trial.

(Syllabus by Ames, C.)

*Error from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Action by the Farmers' & Merchants' Bank against W. S. Welborn and others to secure a new trial in an action wherein W. S. Welborn, one of the defendants, had recovered judgment

against the plaintiff.    Judgment for the defendants, and plaintiff brings error.    Affirmed.

*W. O. Woolman* and *Seymour Foose,* for plaintiff in error.

*A. L. Emery, H. N. Boardman,* and *L. H. Hampton,* for defendants in error.

Opinion by AMES, C.    The only question involved in this case is whether the loss by the stenographer of his notebook, and his consequent inability to prepare a transcript of the evidence, entitles the losing party to a new trial.    The question has been settled in this state by the cases of *Butts v. Anderson,* 19 Okla. 369, 91 Pac. 906, and *Whitely v. St. Louis, E. R. &. W. Ry. Co.,* 29 Okla. 63, 116 Pac. 165, in which it is held that such a state of facts does not entitle the losing party to a new trial.

On the authority of those cases, we think the judgment of the trial court should be affirmed.

By the Court:    It is so ordered.