GAST *et al.* v. BARNES:

No. 2370. Opinion Filed October 20, 1914.

(143 Pac. 856.)

1. **PRINCIPAL AND AGENT—Agency—Issues Raised by Pleadings.** The petition alleged that the defendant was the agent of the plaintiffs in a real estate transaction, and that he made certain secret profits,.and prayed for judgment in the amount thereof. The answer was a general denial. **Held,** that the pri-

mary issue raised under the pleadings was the agency of the defendant.

2.    **APPEAL AND ERROR—Principal and Agent—Verdict—Conflicting Evidence.** In such case agency is a fact to be proved as any other fact at issue in the case, and where the evidence is conflicting, and is sufficient on behalf of the defendant to support his contention, a general verdict for the defendant is conclusive on that question in the Supreme Court.

3.    **SAME—Presentation Below—Remarks of Judge.** Remarks of the trial judge in ruling upon evidence during the course of the trial, alleged to be prejudicial to the plaintiffs in error, must be excepted to at the time and urged as a ground for a motion for new trial, and assigned as error in the petition in error, in order to be brought before the Supreme Court for review.

4.    **SAME—Instructions—Waiver of Error.** Where all of the instructions given to the jury by the trial court, except one, and those requested and refused by counsel, are not included in the case-made, and their absence is accounted for by the statement that the trial court failed to sign and cause them to be filed with the clerk of the court, and they were thereby lost without fault on the part of the plaintiff in error, such facts, not having been set out in the original or supplemental motion for new trial as a ground therefor, cannot be assigned as error in the Supreme Court.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Oklahoma County;*

*A. N. Munden, Judge.*

Action by Franklin L. Gast and others, against E. A. Barnes. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Asp, Snyder, Owen & Lybrand,* for plaintiffs in error.

*J. R. Lewis, G. G. Barnes,* and *Ames, Chambers, Lowe & Richardson,* for defendant in error.

Opinion by GALBRAITH, C. The writ of error in this cause was sued out to review the judgment of the superior court of Oklahoma county, rendered upon the verdict of a jury in an action by the plaintiffs in error against the defendant in error, seeking to recover the amount of certain profits charged to have been made in a real estate transaction in which the defendant is alleged to have acted as agent of the plaintiffs. The petition charged that the plaintiffs employed the defendant as their agent

to act for them to secure an option contract to purchase 60 acres of land from Mrs. Bettie McGinnis; that the defendant accepted said employment and undertook to procure said option for the plaintiffs; that he was authorized and directed to purchase said land as cheap as possible, the maximum price to be paid therefor being $75,000; that later the defendant advised the plaintiffs that he had secured the option contract to purchase said land, but that he was compelled to take the same in his own name, for the reason that Mrs. McGinnis knew him, and would give him the option contract, but would not give it to strangers, and that he would give the plaintiffs an option contract for the purchase of the land on the same terms as the option from Mrs. McGinnis to him; that thereupon the defendant executed to Franklin L. Gast, on behalf of the plaintiffs in error, an option contract to purchase said 60 acres at $75,000, $20,000 in cash to be paid when the defendant made a merchantable title to the land, and the balance of $55,000 was to be secured by assuming promissory notes and mortgage on the land in said sum; that afterwards an escrow agreement was entered into between the plaintiffs and the defendant, whereby the defendant put up his deed to the land and the plaintiffs put up a check for the part of the purchase money that was to be paid in cash, and the check and deed were deposited in a bank, to be delivered in accordance with the terms of the escrow agreement; that on the evening preceding the day the deal was to be closed the plaintiffs discovered that the defendant had not given them an option on the same terms as that from Mrs. McGinnis to him; that the defendant's option was for the purchase of the land at $60,000, $5,000 to be paid in cash and $55,000 secured by notes and mortgages against the land, and that the defendant was making a secret profit of $15,000 out of the deal; that on the following day they proceeded to close the deal, and paid the defendant the cash and accepted the deed for the premises, as stipulated in the escrow agreement entered into with the defendant; that the secret profit the defendant made out of the transaction, after deducting certain expenses, amounted to $13,800; and judgment

was prayed for in this sum. The answer of defendant was a general denial.

The brief and argument on behalf of the plaintiffs in error is grounded upon the assumption that the agency of the defendant in error existed—*i. e.,* that it was an established fact—and is directed against the former opinion filed herein, which it is contended assumed the existence of such agency. The assumption is wrong, and the authorities discussed are not in point on the issues raised by the pleadings and the law applicable to the case as we now view it.

It will be seen that the primary issue raised by the pleadings was the agency of the defendant, this being affirmed in the petition and denied in the answer. Agency is a fact to be proved, as any other fact. *Wrought Iron Range Co. v. Leach,* 32 Okla. 706, 123 Pac. 419.

The evidence on behalf of the plaintiffs supported the allegations of the petition, and that offered on behalf of the defendant supported his contention, that no agency ever existed in regard to the purchase of the property. The defendant's contention was further supported by the written option, a copy of which was attached to the petition, entered into by Gast on behalf of the plaintiffs with the defendant, and in which the defendant was dealt with as the owner of the land, and in which no reference was made to the fact, as contended by the plaintiffs, that the option was given on the same terms as those which the defendant obtained from Mrs. McGinnis, and also by the fact that the defendant refused to show his option contract and the plaintiffs made no protest against such refusal. The defendant's contention is further supported by the fact that in taking his option from Mrs. McGinnis he executed his notes and a mortgage on the property for $55,000, and that in the deal with the plaintiffs this indebtedness was merely assumed by Mr. Gast and the primary liability of the defendant thereon remained. In any event, whether or not the agency existed was a question of fact for the

jury to determine. By a general verdict for the defendant the jury necessarily found that the agency did not exist, and that the defendant was not acting as agent of the plaintiffs in this transaction. There is ample evidence in the record to support this finding, and it is therefore conclusive on this court.

It is urged that the trial court erred in denying the motion for a new trial. The grounds of the motion are as follows: (1) Irregularity in the proceedings of the court, jury, referee, or prevailing party, by which the plaintiffs were prevented from having a fair trial. (2) That the verdict is not sustained by sufficient evidence, and is contrary to law. (3) Errors of law occurring at the trial and excepted to by the plaintiffs. These specifications of error in the motion are general, and the special rulings claimed as error are not set out as the rule requires. It was said by the court in the case of *Southwestern Cotton Seed Oil Co. v. Bank of Stroud,* 12 Okla. 168, 70 Pac. 205:

"This court will not review an alleged error of the trial court, unless the error complained of is assigned for review by the petition in error, as well as by the motion for new trial." *

The court, in *Walter A. Wood v. Farnham,* 1 Okla. 375, at page 378, 33 Pac. 867, at page 868, in passing upon the assignment "in a motion for new trial," of errors of law occurring at the trial and excepted to by the defendant, said:

"It is too general, uncertain, and indefinite to present any question for this court."

Then, after quoting authority to sustain the rule, it was said:

"It is eminently proper that all alleged irregularities should be specifically pointed out to the trial court in the motion for new trial, and the court given an opportunity to review its proceedings with deliberation, and correct its errors, if any have, in the haste attending trial, been committed."

It seems that no one of the grounds in the motion for new trial was well taken, and it was not error for the court to deny the same.

It is contended that the trial court erred in failing to sign and cause to be filed with the clerk of the court the instructions given by the court to the jury, as well as those requested by the plaintiff and refused. It appears from the record that a number of instructions were given by the court on its own motion, and that others were requested by counsel and refused, and also that none of these instructions, except one, are embodied in the record, and their absence is accounted for by the statements that the trial court refused to sign the instructions and cause them to be filed with the clerk of the court, and that they became lost without fault on the part of the plaintiffs in error, and for that reason it was not within the power of plaintiffs in error to include the instructions in the record. If the absence of the instructions from the record occurred in this way, and these facts had been presented to the trial court, either in the original or a supplemental motion for a new trial, as ground for such motion, we are inclined to think that the denial of the motion would have been an abuse of discretion, which would have warranted this court in vacating the judgment appealed from, reversing the cause; and ordering a new trial; but in the face of the record we do not see how this question can now be raised in this court and urged as error. We are inclined to think that the error, if any, was waived by not assigning it in the court below in a motion for new trial, and first giving the trial court an opportunity to correct its error, and that this question cannot be raised for the first time in this court. In *Stinchcomb et al. v. Myers,* 28 Okla. 597, 115 Pac. 602, this court announced the rule as follows:

"Errors occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial, founded upon and including such errors, has been made by the complaining party and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court."

In the case of *Farmers & Merchants' Bank v. Welborn et al*, 32 Okla. 1, 121 Pac. 620, the court said:

"The only question involved in this case is whether the loss by the stenographer of his notebook, and his consequent inability

to prepare a transcript of the evidence, entitles the losing party to a new trial. The question has been settled in this state by the cases of *Butts v. Anderson,* 19 Okla. 369, 91 Pac. 906, and *Whitely v. St. Louis, E. R. & W. Ry. Co.,* 29 Okla. 63, 116 Pac. 165, in which it is held that such a state of facts does not entitle the losing party to a new trial."

Again, it is urged that the court, in ruling upon certain evidence, made remarks that were prejudicial to the plaintiffs in error. Even if this point had been assigned as a ground for new trial, which it was not, the record shows that no exception was taken or saved by counsel to such remarks, and that the trial court was not asked to withdraw the remarks from the jury, as doubtless would have been done if attention had been called to them. Remarks of the trial court charged to be prejudicial to the plaintiffs in error must be excepted to in the trial court in order to enable this court to review them on appeal. In *Drumm-Flato Commission Co. v. Edmisson,* 17 Okla. 344, 87 Pac. 311, the seventh paragraph of the syllabus reads:

"Prejudicial remarks of the court during the course of the trial must be excepted to at the time, and such objections cannot be raised for the first time in the appellate court."

The record shows that the court gave the plaintiffs in error an exception to the ruling on the evidence, and that no exception was taken or saved to the remarks of the court in making such ruling. For that reason the remarks of the court are not presented for review by this court.

The certificate of the trial judge to the case-made only certifies to one of the instructions as being the instruction given to the jury by the court. It is urged that this instruction was not a correct statement of the law. However, this instruction was not excepted to in the manner prescribed by the statute in order to bring it before this court for review. Section 5003, Rev. Laws 1910.

It is further urged that the court erred in admitting and excluding certain evidence, which is set out in the abstract and brief. We have carefully examined these assignments, and are con-

strained to hold that no one of them arises to the dignity of pre-judicial error. We therefore conclude that the judgment appealed from should be affirmed.

It is further ordered that the opinion heretofore filed herein be withdrawn, and·the foregoing be filed as the opinion of the court in this cause.

By the Court: It is so ordered.