### BUCY et al. v. ARDMORE BRICK & TILE CO.

No. 4152—Opinion Filed Oct. 10, 1916.

Petition for Rehearing, Nov. 28, 1916.

(160 Pac. 1126.)

**New Trial—Grounds—"Unavoidable Casualty" and Misfortune.**

Judgment was rendered against plaintiffs in error, and from the judgment rendered an appeal was attempted to be prosecuted to the Supreme Court; case-made being duly signed, sealed, and filed in the trial court within the time provided. Two firms of lawyers, living at different points, represented plaintiffs in error, and one of said firms, after said case-made was settled and signed, mailed the same to the other firm of attorneys, with request that such attorneys prepare the petition in error and file the case-made in the Supreme Court. The said case-made was miscarried by mail and never reached the attorneys to whom it was sent, and the said case-made and petition were not filed in the Supreme Court within the time provided by law for taking an appeal. Thereafter, in accordance with the statute, the plaintiffs in error filed petition in the trial court, praying that the judgment rendered be vacated and a new trial granted, predicated upon "an unavoidable casualty and misfortune preventing the parties from prosecuting or defending," and setting up as such unavoidable casualty and misfortune, the loss of said case-made in the mail. Held, that the loss of said case-made in the mail and the subsequent failure to file the same in the Supreme Court within the time provided by law was not such "unavoidable casualty or misfortune as entitled the plaintiffs in error" to a new trial of the cause in which said judgment was rendered.

(Syllabus by Collier, C.)

Error from County Court, Carter County; M. F. Winfrey, Judge.

Action by A. P. Bucy and others against the Ardmore Brick & Tile Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Cruce & Potter and Eddleman & Graham, for plaintiffs in error.

Johnson & McGill, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the plaintiffs in error against the defendant in error to vacate a judgment entered in favor of defendant in error and against plaintiffs in error on the 21st day of October, 1911, for the sum of $316, with interest thereon from the 15th day of October, 1909, and for costs of suit. The parties hereto will hereinafter be designated as they were in the trial court.

The unquestioned evidence is that the defendants presented a case-made, and the same was duly settled, signed, and filed in the trial court within the time prescribed in said order; that two firms of attorneys, Cruce & Potter, composed of W. I. Cruce and W. D. Potter, residents of the city of Ardmore in said county of Carter, and Eddleman & Graham, composed of A. Eddleman and J. C. Graham, residents of Marietta, Love county, Okla., were and are the attorneys for defendants; that after said case-made had been duly settled, signed, and filed as aforesaid, W. I. Cruce, on the 10th day of February, 1912, mailed the same to Eddleman & Graham, at Marietta, Okla.; that said case-made was inclosed in an envelope properly addressed, postage thereon being fully prepaid, and said case-made deposited in the post office at Ardmore, Okla., with a letter addressed to said Eddleman & Graham requesting that they prepare a petition assigning errors to the Supreme Court of the

state of Oklahoma, and forward the case-made to and file the same with the clerk of the Supreme Court of Oklahoma; that said Eddleman & Graham, nor either of them, never received said letter or said case-made, but that the same was lost or miscarried in the mail; that if said Eddleman & Graham had received said case-made they would have prepared a proper petition in error, and would have transmitted and filed said case-made with the clerk of the Supreme Court of the state of Oklahoma within the time, and would have perfected the appeal of these petitioners; that said Cruce & Potter, relying upon Eddleman & Graham to prepare petition in error and file the same in the Supreme Court, believed, and had a right to believe, that said appeal had been perfected, and did not know that said case made had been miscarried and lost until the statutory time had expired for filing same in the Supreme Court; that said Eddleman & Graham not having received said case-made, nor said letter, believed that said Cruce & Potter had perfected said appeal and filed said case-made in the Supreme Court, and did not know that the same had not been filed until after the statutory time for filing same in the Supreme Court had expired.

There was evidence also tending to show that the defendants had a defense to the action in which said judgment, which it was sought to set aside, was rendered. The case was tried to the Court, and a judgment rendered denying the vacation of the judgment rendered, and refusing the defendants a new trial.

Within the statutory period, motion was made for a new trial of the action of the court in refusing to vacate the judgment rendered and grant a new trial, which was overruled and duly excepted to. To reverse the judgment denying the vacation of the judgment rendered, and refusal of the court to grant defendant a new trial, this appeal is prosecuted.

This action is a statutory one, and the right to a new trial in the cause is predicated "upon unavoidable casualty, or misfortune preventing the parties from prosecuting or defending." The question of the validity of defense to the action in which the judgment was rendered we think unnecessary to consider, as the grounds upon which a new trial of the cause is urged is not sustained by the evidence.

We do not think that the failure of the attorneys to file within the proper time the appeal in the Supreme Court, due to the failure of one set of attorneys to receive the

case-made by reason of failure of the mail to deliver the same, is such "an unavoidable casualty" as is provided by the statute upon which to predicate a new trial, especially in view of the fact that such unavoidable casualty, in order to be available, must have occurred in the trial in which judgment was rendered.

In Farmers' & Merchants' Bank v. Welborn et·al., 32 Okla. 1, 121 Pac. 620, it is held:

"The fact that the stenographer, who took the testimony at a trial, loses his notebook and is unable to make a transcript thereof for the losing party, is not sufficient ground for a new trial." Marshall v. Marshall, 7 Okla. 240, 54 Pac. 461.

In J. H. Butts et al. v. Emma E. Anderson et al., 19 Okla. 367, 91 Pac. 906, it is held:

"The district court is only authorized to grant a new trial for the causes, and in the ·manner set forth in the statute, and it is manifest and material error to grant a new trial when the complaining party is unable to procure any one who can transcribe a deceased stenographer's notes of the trial."

We are of the opinion that the court did not commit error in its refusal to set aside the judgment rendered and to grant a new trial, and that this cause should be affirmed.

By the Court: It is so ordered.

### On Petition for Rehearing.

COLLIER, C. The petition for rehearing in this case is predicated upon the averment that subsection 9 of section 5033, Revised Laws of Oklahoma 1910, was not called, by brief of plaintiffs in error, to the attention of the court, and was overlooked by the court.

Subsection 9 of said section 5033 reads:

"When without fault of complaining party, it becomes impossible to make case-made."

It is true that subsection 9 of section 5033 was not called to the attention of the court, but in fact was not overlooked by the court. The facts of the petition under review show conclusively that subsection 9 has no field of operation in the instant petition, as said subsection relates alone to making a case-made. In the instant case, the case-made was not only made, but duly certified by the trial judge and attested by the clerk under seal of the court, and lost in the mail while in transit from one to another of the plaintiffs' attorneys.

The misfortune of being denied a review of this cause upon its merits, that comes to the plaintiffs in error, is not "due to the impossibility of making the case-made," but

failure to file the case-made together with petition in error in this court within the statutory time, due to the fact that plaintiffs in error had two sets of lawyers, residing in different towns, each of whom relied upon the other to file said case-made and petition in error in this case. We are not informed, and have not been directed to any law, that, under the facts of said petition, that subsection 9 of section 5033 could be invoked as entitling the plaintiffs in error to a new trial in this case. Failure to secure a review of this case upon its merits may work a hardship, but with this we have nothing to do. We are to construe, but not make, laws.

Finding no grounds upon which a rehearing in this case should be granted, petition for rehearing is hereby denied.

By the Court: It is so ordered.