EDMUND DUBS, an Infant, by Rudolph Dubs, Guardian ad Litem, Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY, Appellant.

(181 N. W. 606.)

**New trial — second motion for new trial cannot be based on any ground assigned in a previous motion which was denied.**

In an action to recover damages for personal injuries, where the trial court denied a motion for new trial and entered judgment on a special verdict, from which judgment and the order denying the motion the plaintiff appealed, and where the plaintiff subsequently made a second motion for a new trial based upon the grounds formerly assigned, and, as an additional ground, the loss, without plaintiff's fault, of the stenographic notes of the court reporter, in response to which motion the trial court vacated the judgment and order previously entered and granted the new trial on the additional ground assigned, it is *held:*

1. Where, after motion for a new trial is denied, judgment is entered and a subsequent motion for a new trial is made, the ruling thereon cannot be based upon any ground assigned in the previous motion. The case of Davis v. Jacobson, 13 N. D. 430, is not applicable.

**New trial — statutory grounds exclusive.**

2. The grounds for a motion for a new trial stated in § 7660, Comp. Laws 1913, and the grounds upon which a new trial may be granted by the court upon its own motion as stated in § 7665, Comp. Laws 1913, are exclusive.

---

NOTE.—It is held that loss of the trial record, or of documents and evidence that are important for a proper decision of the suit, imposes the necessity of a new trial in order that the litigants may obtain full justice with respect to their controverted rights, as will be seen by an examination of notes in 25 L.R.A. (N.S.) 861, and L.R.A.1915B, 353, on disposition of appeal or motion for new trial, where, without fault of appellant, the record is lost or incomplete.

On inability to perfect record for appeal as grounds for new trial, see note in 13 A.L.R. 102.

Opinion filed January 20, 1921. Rehearing denied February 17, 1921.

Statement of facts by BIRDZELL, J. This is an appeal from an order granting a new trial. The order was made in the circumstances appearing in the following statement of facts:

In April, 1917, the plaintiff instituted this action as guardian ad litem of his son, who was injured in July, 1912, by being run over by one of the defendant's trains. The facts in connection with the accident are stated in a prior report of this case (Dubs v. Northern P. R. Co. 42 N. D. 124, 171 N. W. 888), and need not be repeated here. Upon that appeal a majority of this court was of the opinion that there was sufficient evidence upon which the jury might base a finding that the engineer saw the boy in time to avoid injuring him. The court, however, was of the opinion that the jury had not so found. In reversing the order granting judgment for the defendant *non obstante,* therefore, entry of judgment was not directed, but the case was remanded for further proceedings upon the motion for a new trial, and it was suggested that, in the event of a new trial, specific interrogatories should be submitted to the jury "upon the controlling questions of fact arising under the last clear chance doctrine." 42 N. D. 131. A new trial was subsequently ordered and the case submitted to the jury May 29, 1919, for a special verdict. In the special verdict the jury found as one fact that neither the engineers nor the fireman saw the boy on the track, in time, by the exercise of ordinary care, to stop the train and avoid injuring him. The defendant moved for a judgment on this verdict and the plaintiff moved for a new trial. On May 20, 1920, the plaintiff's motion for a new trial was denied and the court ordered judgment for the defendant on the verdict. On May 22, 1920, judgment was accordingly entered for the defendants. The plaintiff subsequently appealed from the judgment and from the order denying a new trial. The notice of appeal is dated July 9, 1920, the affidavit of mailing states that it was mailed July 31, 1920, and these, together with the undertaking, were filed in the office of the clerk on August 2, 1920. On July 13th, a second motion for a new trial was made upon the ground that the court reporter's short-hand notes of the proceedings taken at the trial were lost, and the plaintiff was consequently unable to perfect a statement of the case. Also on grounds of irregularity in

the proceedings, insufficiency of the evidence, and errors of law. This motion was made upon the affidavits of plaintiff's counsel, and the court reporter, the pleadings, special verdict, order for judgment, and the specifications of the insufficiency of the evidence, and errors of law which had been previously served and filed. The court granted this motion, and, on August 2d, signed an order revoking the previous order denying new trial and granted a new trial. It will be noted that the last order bears the same date as the filing of the appeal papers appealing from the judgment that is vacated by this order. In the order it was stated that it appeared to the court that the reporter's notes had been lost through the theft of his traveling bag; that it appeared impossible to substitute said shorthand notes or the testimony taken at the trial, instructions of the court, and other proceedings therein; that the plaintiff was unable to procure a transcript of the proceedings of the trial, and would be prevented from having the court's orders granting judgment and denying the motion for a new trial reviewed by the supreme court, and this without any fault or negligence on the part of the plaintiff and his attorneys. It was therefore ordered that the previous order denying plaintiff's motion for a new trial and the judgment dismissing the case be vacated and the plaintiff be granted a new trial. The order recites that it is based on the records and files in the action, and especially on the affidavit of Leo Broderick, Court Reporter, and states specifically that it is made on the ground of the loss of the shorthand notes and for the purpose of having the case reviewed by the supreme court.

Appeal from the District Court of Grant County, *J. M. Hanley,* J. Reversed.

*Young, Conmy, & Young,* for appellant.

The grounds for new trial specified in the statute are exclusive, and the court cannot grant a new trial for any ground not so specified. Amacher v. Johnson (Ind.) 91 N. E. 928; Cooley v. Kelley (Ind. App.) 96 N. E. 638; Jones v. Bryan (Ind. App.) 102 N. E. 153; St. Louis, I. M. & S. R. Co. v. Lewis (Okla.) 136 Pac. 396; First Nat. Bank v. Farmers State Guaranty Bank (Okla.) 161 Pac. 1063; Higgins v. Rued, 30 N. D. 551; McKenzie v. Bismarck Water Co. 6 N. D. 361.

The failure or inability of a court reporter to furnish a defeated party with a transcript of the evidence is no ground for a new trial. Higgins v. Rued, 30 N. D. 551; Golden Terra Min. Co. v. Smith, 2 Dak. 377; Peterson v. Lundquist (Minn.) 119 N. W. 50; Bucy v. Ardmore Brick & Tile Co. (Okla.) 160 Pac. 1126.

*Jacobsen & Murray,* for respondent.

As a matter of strict legal right, plaintiff is entitled to a new trial for that reason alone (inability to have case reviewed on account of loss of stenographic notes). Missouri Land Co. v. Hastad, 27 N. D. 597; Bruegger v. Cartier, 20 N. D. 72; Elliott v. State (Okla.) 113 Pac. 213; Tegler v. State, 107 Pac. 949.

Where a party has regularly taken exceptions in a cause, and has lost the benefit of them without fault of his own, a new trial may be granted. He has a right by law to the judgment of the higher court upon the decision by which he feels himself to be aggrieved, and a new trial may be his only remedy. Bailey v. United States (Okla.) 104 Pac. 917; Richardson v. State (Wyo.) 89 Pac. 1027.

The overwhelming weight of authority is that a motion for new trial may be reheard, vacated, or modified for any reasonable cause. 29 Cyc. 1028, ¶ 9; Re Smith (Mich.) 158 N. W. 148; Robinson v. Superior Ct. (Cal.) 154 Pac. 8.

Birdzell, J. (after stating the facts as above). The only specification of error on this appeal is the action of the court in vacating the order and judgment previously made and entered, and in granting a new trial. We are of the opinion that the court erred in the manner specified.

Without passing on the effect upon the jurisdiction of the trial court of the respondent's appeal from the judgment and the order denying a new trial, we are of the opinion that the strongest position he can occupy with respect to this order is that, after the first motion was denied and judgment entered, he might have moved for a new trial again upon an additional ground, such as newly discovered evidence, not embraced in his former motion. The ruling of the trial court on the former motion had become final, and, so far as that court was concerned, it could not be reviewed. Jones v. Frank, 62 Okla. 26, 161 Pac. 795; Luke v. Coleman, 38 Utah, 383, 113 Pac. 1023, Ann. Cas. 1913B, 483; Coyle v.

Seattle Electric Co. 31 Wash. 181, 71 Pac. 733. A trial judge cannot review its own rulings indefinitely after they have become embodied in judgments. If so, judgments would never become final and the limitation upon appeals would become ineffective. There would be no end to litigation. While the respondent relies upon the case of Davis v. Jacobson, 13 N. D. 430, 101 N. W. 304, in support of his contention that this court must consider the order appealed from as granting a new trial upon any ground which might support it, regardless of the fact that the trial judge stated specifically why it was granted, we are of the opinion that the rule of that case does not apply here; for, presumably, all grounds except the loss of the stenographic notes had been presented to the trial judge in the original motion, and at the time this second motion was made he was without power to reconsider the grounds ruled upon in deciding the first. The order appealed from must, therefore, stand or fall, depending upon the sufficiency of the ground assigned to support it; namely, the loss of the shorthand notes.

The second motion for new trial was not based upon any grounds recognized by the statute as a foundation for such a motion. Comp. Laws 1913, § 7660. Neither did it call to the attention of the trial court any ground which would have authorized it to grant a new trial upon its own motion. Comp. Laws 1913, § 7665. Even if the motion be regarded as an application for relief from a judgment on the ground of inadvertence or surprise under § 7483, Comp. Laws 1913, it is equally without statutory support, for the surprise or inadvertence involved in the loss of the shorthand notes in no way contributed to the entry of the judgment or affected the defense to the same.

It his been repeatedly held in this and other jurisdictions that the statutory grounds for motion for a new trial are exclusive. Higgins v. Rued, 30 N. D. 551, 153 N. W. 389, and cases therein cited; Baker v. Citizens' State Bank, — Okla. —, 177 Pac. 568; Stanton v. Chicago, B. & Q. R. Co. 25 Wyo. 138, 165 Pac. 993, 167 Pac. 709. And judgments cannot be vacated in district court except in pursuance of stattory authority. McKenzie v. Bismarck Water Co. 6 N. D. 361, 71 N. W. 608.

The respondent, however, relies upon the doctrine sometimes asserted, to the effect that where a party, without his fault, is deprived of the right to have his case reviewed by a higher court through inability to

procure a transcript and a settled statement of the case, a new trial may properly be awarded. Much authority may be found in support of this rule. 20 R. C. L. 288; 12 Ann. Cas. 1056, note; 25 L.R.A.(N.S.) 860, note; L.R.A.1915B, 353, note. Among the principal cases supporting this doctrine are: State v. Bess, 31 La. Ann. 191; Borrowscale v. Bosworth, 98 Mass. 34; Crittenden v. Schermerhorn, 35 Mich. 370; State v. Reed, 67 Mo. 36ι; State ex rel. Downing v. Gaslin, 32 Neb. 291, 49 N. W. 353; Sanders v. Norris, 82 N. C. 243; Bailey v. United States, 3 Okla. Crim. Rep. 175, 25 L.R.A.(N.S.) 860, 104 Pac. 917; Tegler v. State, 3 Okla. Crim. Rep. 595, 139 Am. St. Rep. 976, 107 Pac. 949; Elliott v. State, 5 Okla. Crim. Rep. 63, 113 Pac. 213; Fire Asso. of Phila. v. McNerncy, — Tex. Civ. App. —, 54 S. W. 1053; Nelson v. Marshall, 77 Vt. 44, 58 Atl. 793; Richardson v. State, 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048; Hume v. Bowie, 148 U. S. 245, 37 L. ed. 438, 13 Sup. Ct. Rep. 582. These authorities are of little assistance to us in determining this appeal; for, while an examination of them discloses that the principle has frequently been applied where invoked in a proper proceeding, it does not appear that the authorities have recognized the rule as being sufficiently potent to work an amendment of the statute governing motions for a new trial. Upon examination it will be found that the courts of Michigan, Missouri, North Carolina, Oklahoma, and Wyoming recognized the right and the power of an *appellate* court to grant a new trial where an appellant— particularly in criminal cases—is, without his fault, unable to submit a statement of the case or bill of exceptions. It will do this rather than affirm a judgment which, upon adequate review, might be found to be erroneous. It seems to be the rule, too, in the criminal court of appeals in Oklahoma, that the trial court may award a new trial on similar grounds (Elliott v. State, 5 Okla. Crim. Rep. 63, 113 Pac. 213), but the supreme court of that state has steadily adhered to the rule that the loss of stenographic notes is not a sufficient ground for a new trial. Butts v. Anderson, 19 Okla. 369, 91 Pac. 906; Whitely v. St. Louis, E. R. & W. R. Co. 29 Okla. 63, 116 Pac. 165; Farmers' & M. Bank v. Welborn, 32 Okla. 1, 121 Pac. 620; see also Peterson v. Lundquist, 106 Minn. 339, 119 N. W. 50. Also, that the statutory grounds for a new trial exclude all others. St. Louis, I. M. & S. R. Co. v. Lewis, 39 Okla. 677, 136 Pac. 396; First Nat. Bank v. Farmers' State Guaranty

Bank, 62 Okla. 30, 161 Pac. 1063; Baker v. Citizens' State Bank, — Okla. —, 177 Pac. 568. It further appears that the legislature of Oklahoma has amended the statute governing new trials in civil actions, by adding a paragraph to the effect that a new trial may be granted "when, without fault of complaining party, it becomes impossible to make case made." Okla. Rev. Laws 1910, § 5033. See Bucy v. Ardmore Brick & Tile Co. 61 Okla. 302, L.R.A.1917B, 1073, 160 Pac. 1126.

It will be found that some of the foregoing authorities also support an equitable action looking toward relief in the shape of a new trial, where the appellant, without his fault, will lose the benefit of review by the appellate court. And some support an application, initiated by summons, in the nature of an equitable action. Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Marshall v. Marshall, 7 Okla. 240, 54 Pac. 461; Whitely v. St. Louis, E. R. & W. R. Co. 29 Okla. 63, 116 Pac. 165. This remedy differs materially from a motion, and does not trench upon statutes enacted to govern and simplify procedure.

Support will also be found in the authorities hereinabove cited, for the proposition that a new trial may be granted by the trial court on the ground of inability to procure a statement of the case upon appeal in jurisdictions where the grounds for the motion are not restricted or stated in the statutes. This will be found to be true in England, District of Columbia (see Hume v. Bowie, supra), Massachusetts, Texas, Vermont, and perhaps other jurisdictions.

While recognizing to the fullest extent the salutary principle for which the respondent has so ably contended, we fail to see wherein it lends legal support to the action of the trial judge in ordering a new trial in response to a motion embodying no statutory grounds, or no ground appealing to the power he could exercise of his own motion. We find no occasion to qualify our previous expressions to the effect that the statutory grounds are exclusive. It follows that the order appealed from is erroneous, and it is reversed.

ROBINSON, Ch. J., and CHRISTIANSON, J., concur.

GRACE and BRONSON, JJ., concur in the result.