## STANTON v. C. B. & Q. R. CO.
### (No. 887; Decided June 26th, 1917; 165 Pac. 993.)

APPEAL AND ERROR — MOTION FOR NEW TRIAL — PRESERVATION OF GROUNDS FOR REVIEW—SUFFICIENCY—MOTION FOR NEW TRIAL OUT OF TIME—COMPLIANCE WITH COURT RULES.

1. A rule denying a continuance will not be reviewed on appeal unless assigned as error in the motion for a new trial.
2. A rule denying a motion for a new trial containing none of the grounds prescribed by statute for a new trial is not erroneous.
3. The denial of a motion for new trial filed long after the time allowed by law is not erroneous.
4. The fact that litigant conducted his own case without the assistance of counsel is no excuse for disregarding well established and necessary rules of practice.

#### ON PETITION FOR REHEARING.

5. Where depositions were taken on behalf of plaintiff in December, 1914, and duly completed and certified by the officer before whom taken, were not filed until after the case was tried and submitted, though the case was set for trial April 29th, 1915, and continued on plaintiff's application until June 21st, 1915, plaintiff cannot complain that the court on the trial of the case in his absence did not consider such depositions.
6. Plaintiff in error had no ground for complaint because his appeal was decided by only two of the justices of the Supreme Court, where he was personally present and argued his case and knew that the third justice was ill and unable to sit and such justice never recovered sufficiently prior to his death to participate in the work of the court.

ERROR to District Court; Natrona County; CHARLES E. WINTER, Judge.

Action by Frederick J. Stanton against the Chicago, Burlington & Quincy Railroad Company, et al. Judgment for defendant named, and plaintiff brings error.

*Frederick J. Stanton, pro se,* for plaintiff in error.

The court erred in not granting plaintiff a continuance. Defendant, Samuel J. Jordan, is a fictitious person and must have been impersonated by someone else at the time of the alleged conveyance. Defendant has been unable to find Samuel J. Jordan. A. T. Butler is alleged to have been connected with the transaction, but nothing is found among his effects which gives any information as to the transaction. There was a hearing on the third motion for a new trial, at which plaintiff in error was examined in court showing physical disability and lack of funds to employ counsel to prepare motion for a new trial. Defendant in error never paid all of the consideration for said realty. The deed to defendant in error is a forgery. There was no proof that the $207.00 paid on the purchase price was ever paid to Jordan, the alleged grantor.

*Burke & Riner,* for defendant in error.

A conveyance to or by a person under an assumed name is effectual to pass title. (Wilson v. White, 84 Calif. 239, 24 Pac. 114; 13 Cyc. 538; David v. Williams Co., 83 N. Y. 265; Wakefield v. Brown, 38 Minn. 361.) A notary's certificate is presumptive evidence of facts certified. (First National Bank v. Citizens National Bank, 11 Wyo. 58; Boswell v. Bank, 16 Wyo. 187.) Only the clearest and strongest proof will establish forgery as against the certificate of the officer taking the acknowledgment. (Chivington v. Colorado Springs Co., 9 Colo. 597, 14 Pac. 212; Adams v. Smith, 11 Wyo. 200; Young v. Duval, 109 U. S. 573.) The first motion for a new trial contained no assignments of error; the second motion for a new trial was filed out of time. (Sec. 4603, Comp. Stats. 1910.) There was no bill of exceptions and nothing for the court to review. (White v. Sisson Co., 1 Wyo. 395; Boswell v. Bliler, 9 Wyo. 277; Casteel v. State, 9 Wyo. 267; Tood, et al., v.

Peterson, 13 Wyo. 513; Blonde v. Merriam, et al., 21 Wyo. 513.) The third motion for a new trial on the ground of newly discovered evidence was filed out of time and is insufficient. (Wabash Co. v. Mirrieless, 81 S. W. 437.) It did not set out the evidence claimed to be newly discovered. (29 Cyc. 956; Hester v. Smith, 5 Wyo. 291.) There was a lack of diligence. (Hardin v. Card, 15 Wyo. 217.) It must be shown that the alleged newly discovered evidence is competent. (Hester v. Smith, supra; Link v. U. P. Co., 3 Wyo. 680; Demple v. Carroll, 21 Wyo. 447; Paseo v. State, 19 Wyo. 344.) No grounds warranting a continuance were shown, nor was there an abuse of discretion shown on the part of the court in refusing a continuance. (Robinson v. State, 18 Wyo. 216; Keffer v. State, 12 Wyo. 49.) The fact that counsel for defendant is absent attending court in another county is no ground for continuance. (Van Horn v. State, 5 Wyo. 501.) Defendant in error purchased the land in good faith and the decree should be affirmed.

BEARD, JUSTICE.

The plaintiff in error seeks a reversal of a judgment of the District Court of Natrona County, rendered in an action brought by him against the defendants in error, in which action he alleged in his petition that he was the owner of certain real estate situated in said county; that defendant Railroad Company claimed title thereto by virtue of a warranty deed from defendant Samuel J. Jordan, and that said defendant claimed that said Jordan on August 26, 1910, received a warranty deed to said land from plaintiff. And he alleged that said last mentioned deed purporting to have been executed by plaintiff to said Jordan was a forgery; and that plaintiff had never parted with his title to said land. He prayed that said pretended deed from plaintiff to said Jordan be declared a forgery and null and void; and that defendants be enjoined and debarred from asserting any claim to said land adverse to plaintiff.

The defendant Railroad Company answered, admitted that prior to August 26, 1910, plaintiff was the owner of

said land; admitted that it claimed title thereto by virtue of a warranty deed from said Jordan, and denied that the deed from plaintiff to said Jordan was a forgery.

Upon the issue thus joined the case was tried to the court, and the court found against the plaintiff, and that the title to said land was in the defendant, Chicago, Burlington & Quincy Railroad Company, and dismissed the action at plaintiff's costs.

The record filed in this court is so imperfect and defective that it is at least doubtful if it presents anything which can, under the well settled rules of practice, be considered. It appears, however, that the issues were made up in May, 1912, and thereafter the case was set down for trial April 29, 1915, and on the application of plaintiff was continued until June 21, 1915. On that date the cause coming on for trial, the plaintiff not being present or represented by counsel, the court announced, "I have here a communication from Frederick J. Stanton, plaintiff in this action, asking for a further continuance of the case." The application for a continuance was resisted, and by the court denied and the trial proceeded with, the judgment being entered the same day. The communication referred to is not included in the bill of exceptions, nor is the ruling of the court denying a continuance assigned as error in the motions for a new trial. That ruling cannot therefore be considered, being raised for the first time in this court. On July 1, 1915, plaintiff filed a motion to set aside the judgment and for a continuance of the case until the next term of the court. The motion contains none of the grounds prescribed by the statute for a new trial. On August 28, 1915, plaintiff filed another motion for a new trial, signed by himself and by two "advising attorneys for plaintiff." These motions came on for hearing and determination August 30, 1915, at which time, the order recites, plaintiff appeared in person and by counsel, A. H. Cobb, Esq., and Joseph N. Baxter, Esq. Upon consideration by the court, both motions were denied, to which ruling exceptions were taken. There was no error in the ruling on

the first motion, as it was insufficient, stating no statutory
ground for a new trial.

The second motion was filed long after the time allowed
by law for filing the same had expired, and for that reason
alone the denial of the same cannot be held to be erroneous.
We have, however, considered the motion and the evidence
given in support thereof, and are of the opinion that no
abuse of the discretion of the court in its ruling is made to
appear. It appears that plaintiff was conducting his own
case without the assistance of attorneys, except as above
stated, which may in a measure account for the defects in
the record. But this court cannot on that account depart
from and disregard the well established and necessary rules
of practice and procedure. The judgment is sustained by
sufficient evidence, and is affirmed.            *Affirmed.*

POTTER, C. J., concurs.

### ON PETITION FOR REHEARING.

BEARD, JUSTICE.

This case was decided June 27, 1917, the opinion appear-
ing in 165 Pac. 993. A petition for rehearing has been filed
by plaintiff in error, in which complaint is made that neither
the District Court nor this court has dealt justly with his
cause. He insists that the trial in the District Court was
*ex parte* and that his evidence, consisting of depositions of
himself and his witnesses, was not considered on the trial.
The facts are that those depositions were completed and
certified by the officer before whom they were taken, De-
cember 2, 1914, but for some unexplained reason were not
filed until after the case was tried and submitted to the
court; nor does it appear that the court had any knowledge
or information that the same had been taken. The case was
set down for trial for April 29, 1915, and continued on
plaintiff's application until June 21, 1915, at each of which
dates plaintiff knew he should have his evidence present and
be ready for trial if his request for continuance was denied.
A party cannot withhold his evidence until after the case is

tried, and then, after judgment against him, complain that he has been deprived of a fair trial.

He further urges that the decision in this court was by but two of its justices, and states in his brief, "I am denied the right of every suitor to have my points heard and considered by all the judges elected to fill the bench. Of course there are instances where such shortage on the bench may be inevitable, but no exceptional accident or excuse exists in this case, to refuse me the benefit of the learning and experience of every one of those whom the people have made judges." That statement is not warranted by the facts. Plaintiff was personally present and argued his case in this court, and knew that the late Justice Scott was then ill and unable to sit in the case. He never recovered sufficiently from that illness to participate in the work of the court, and departed this life September 26, last.

We discover no reason for departing from the decision as handed down, and a rehearing is denied.

POTTER, C. J., concurs.                    *Rehearing denied.*