HENRY F. SCHOENING, Appellant, v. L. G. SMITH, and O. M. De Moully, Respondents.

(231 N. W. 278.)

Opinion filed March 17, 1930.   Rehearing denied June 30, 1930.

*L. J. Wehe,* for appellant.

*Sullivan, Hanley & Sullivan,* for respondents.

Burke, Ch. J. In this action the plaintiff claims, that the defendants performed a mastoid operation in a careless, negligent and unskillful manner, and did bruise, injure, cut and destroy the main trunk of the seventh or facial nerve, thereby causing paralysis of the right side of the face, including the muscles of the forehead, right eye, the right nostril and the right side of his mouth. The defendants answered, admitting the performance of the operation, and denying negligence.

At the close of plaintiff's testimony the defendants moved to dismiss the action for the reason that the testimony offered by the plaintiff was not sufficient to sustain a cause of action, that there was an entire and total failure of evidence of any negligence on the part of either of the defendants. There was an objection to the granting of the mo-

tion on the part of the plaintiff, but the court granted the motion and the action was dismissed, and from the order dismissing the action and the judgment entered thereon the plaintiff duly appeals.

It appears from the record, that about the fourth day of October 1925, the plaintiff, Henry F. Schoening, went to the office of Dr. De Moully at Flasher, N. D., for treatment. He had been suffering for some ten days or two weeks with a very severe pain behind the right ear. Dr. De Moully told him, that he could not perform the operation himself, it would have to be done by a specialist. The next day Dr. De Moully took the plaintiff to the office of the defendant, Dr. Smith, who is a specialist in ear, eye and nose diseases. Dr. Smith with the assistance of Dr. De Moully performed the operation. Dr. Smith testified on cross-examination under the statute, that he had during the practice of his profession performed one hundred mastoid operations; that this particular case was a plain example of what was called a simple mastoid operation for the purpose of draining the diseased mastoid cells; that in performing the operation he did not probe into the middle ear, did not do anything with the tympanic cavity; that he cut into the mastoid bone and cleaned some of the mastoid cells; that he did not scrape the bone structure between that and the tympanum; that he did not cut down into the dura; did not probe or explore in the antrum cavity towards the middle ear; that on the third morning after the operation he discovered that the right side of the face was paralyzed. The plaintiff testified that he discovered it as soon as he recovered from the anaesthetic. There is no evidence that the operation as performed was not skillful and according to the most modern methods of performing an operation of that kind.

There was no error in sustaining objections to the hypothetical questions asked, as there was no proof that the operation was not performed with that degree of care, skill and knowledge which is ordinarily possessed by physicians or surgeons in the same neighborhood who devote special attention and study to disease of which the defendant has held himself out as a specialist.

Appellant relies upon the theory, that since there was no paralysis of the right side of the face before the operation, that the paralysis was necessarily the result of the operation. This is the doctrine of res ipsa loquitur and it is well settled that this doctrine does not apply

in a malpractice case, and that an unfortunate or bad result does not show proof of neglect. Gallagher v. Kermott, 56 N. D. 176, 216 N. W. 569; Dolan v. O'Rourke, 56 N. D. 416, 217 N. W. 666; Loudon v. Scott, 58 Mont. 645, 194 Pac. 488, 12 A.L.R. 1487 and notes pages 1493 and 1495; Runyon v. Goodrum, 147 Ark. 481, 13 A.L.R. 1403, 228 S. W. 397, 20 N. C. C. A. 373; Sweeney v. Erving, 35 App. D. C. 57, 43. L.R.A.(N.S.) 734; Wood v. Barker, 49 Mich. 295, 13 N. W. 597; Piles v. Hughes, 10 Iowa, 579.

In the case of Ewing v. Goode (C. C.) 78 Fed. 442, Judge Taft, then on the Circuit Court of Appeals said: "Before the plaintiff can recover, she must show by affirmative evidence—first, that defendant was unskillful or negligent; and, second, that his want of skill or care caused injury to the plaintiff. If either element is lacking in her proof, she has presented no case for the consideration of the jury. The naked facts that defendant performed operations upon her eye, and that pain followed, and that subsequently the eye was in such a bad condition that it had to be extracted, establish neither the neglect and unskillfulness of the treatment, nor the causal connection between it and the unfortunate event. A physician is not a warrantor of cures. If the maxim, 'Res ipsa loquitur,' were applicable to a case like this, and a failure to cure were held to be evidence, however slight, of negligence on the part of the physician or surgeon causing the bad result, few would be courageous enough to practice the healing art, for they would have to assume financial liability for nearly all the 'ills that flesh is heir to.'"

There is no error in the court refusing to grant a continuance of the case, for the reason, that there was no showing made for the granting of a continuance.

At the close of plaintiff's testimony Mr. Wehe said, "If it pleases the court I would like to have the court take a continuance in this case until tomorrow. I won't take very long." The court, "How long?" Mr. Wehe, "I don't think it will take over an hour." The court, "We have half an hour now, so you had better go ahead." Mr. Wehe, "I want to see another witness that I have not got here at the present time." The court, "Where is he?" Mr. Wehe, "I want to consult with another doctor." It appears from the record, that there was no showing at all made for a continuance; that the attorney for the plain-

tiff did not have any witness in mind, did not know that he could get a witness, or what testimony he could procure. The matter was entirely within the discretion of the trial judge and there was no abuse of discretion in refusing a continuance on the showing made.

There is merit, however, in appellant's contention that the action should not have been dismissed as a final determination of the action on the merits. In making the motion counsel for the defendant was careful to state that the motion was not for a directed verdict, but for a dismissal of the action, and the action was dismissed by the court without any direction to the jury. This motion as made and granted comes squarely under subdivision 3 of § 7597, Comp. Laws 1913, which reads as follows:

Section 7597. "A civil action may be dismissed, without a final determination of its merits, in the following cases:"

Subdivision 3. "By the court, when upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his claim, or cause of action, or right to recover."

In Central Transp. Co. v. Pullman's Palace Car Co. 139 U. S. 24, 39, 35 L. ed. 55, 61, 11 S. Ct. 478, the court said: "The difference between a motion to order a nonsuit of the plaintiff and a motion to direct a verdict for the defendant is, as observed by Mr. Justice Field, delivering a recent opinion of this court, 'rather a matter of form than of substance, except (that) in the case of a nonsuit a new action may be brought, whereas in the case of a verdict the action is ended, unless a new trial be granted, either upon motion or upon appeal.' Oscanyan v. Winchester Repeating Arms Co. 103 U. S. 261, 264, 26 L. ed. 539, 541."

Under said § 7597, the court has authority to dismiss an action when the plaintiff has failed to substantiate, or establish his claim, or cause of action, or right to recover but has no authority to dismiss the action as a final determination of its merits. The plaintiff having failed to substantiate or to establish his claim, or cause of action, or right to recover, it is ordered that the said case be and is hereby dismissed, but such dismissal is in no wise a determination of the action on its merits. It is so ordered. Costs to the appellant.

BIRDZELL, NUESSLE, BURR and CHRISTIANSON, JJ., concur.