[File No. 6009.]

JOHN BRANTNER, Respondent, v. DR. S. MOSKE, Appellant.

(240 N. W. 866.)

Opinion filed February 3, 1932.

*Mr. Harvey J. Miller,* for appellant.
*Jacobsen & Murray,* for respondent.

BURR, J. This is an action to recover damages for alleged malpractice. The plaintiff obtained judgment and the defendant made a motion for judgment notwithstanding the verdict or for a new trial. This motion was denied and the defendant appeals from the order.

The sole issue is the sufficiency of the evidence to justify the verdict.

August 18, 1929, the plaintiff was kicked by a horse, the blow striking the top of his left hand making a gash over an inch long, forcing the hand against the chest and fracturing two ribs. The plaintiff, with one Ness, immediately came to the defendant for medical treatment, and was under the care of the defendant until about September 30th of the same year.

It is the claim of the defendant that he exercised the best medical care and skill in accordance with the standard of the profession in the community in which he lived, and that any injury which resulted to the plaintiff came from natural causes against which the defendant could not guard, or from the negligence of the plaintiff himself.

The whole matter turns upon the treatment given by the doctor at his office in New England when only the plaintiff, defendant and a witness Ness were present, so far as the record shows.

The medical testimony shows that if the doctor treated the hand as he said he did, then he gave correct treatment; but if he treated the hand as the plaintiff says he did then plaintiff did not get proper treatment. While the defendant strenuously claims he gave the proper treatment and details treatment which is conceded to be proper he does, on his cross-examination admit, that if he did not give that treatment or if he treated as the plaintiff says he did, then it was negligent treatment. It is conceded the hand is crippled. It is clear from the testimony the bones healed in an improper position. There was good union on September 30th. Thus either the bones were not properly set or they became misplaced. There is a sharp conflict in the evidence as to the initial treatment. This conflict involves the methods of treatment at the very first, and failure to detect that the bones were not in position—defendant saying they were, and plaintiff attempting to show they could not have been, or if they were the character of the splint used, the method of immobilizing and general treatment was so negligent that the bones were not prevented from moving. Thus the court was required to submit the case to the jury. The jury found in accordance with the version given by the plaintiff, and returned a moderate verdict.

The trial court filed à very complete and exhaustive memorandum opinion in denying the motion for a new trial. In this opinion the court reviews the testimony, applies the correct principles of law with reference to each version, and says the plaintiff was "not an insurer of a correct diagnosis or correct treatment and not liable in damages for malpractice merely because of a bad result." The court cites and follows the rules laid down in Schoening v. Smith, 59 N. D. 592, 231 N. W. 278; and in McDonnell v. Monteith, 59 N. D. 750, 231 N. W. 854, reviews the testimony given by the plaintiff; shows its generalities and also points out its specific statements, puts its finger upon the crucial point—the treatment of the defendant at the first in the setting of the bones and the precaution taken "to relieve the muscle pull and to keep the broken end in apposition" stating that from the evi-

dence it was shown to "be necessary to apply some apparatus to the structure overlying the bone to counteract the muscular pull or by the use of a splint and fastening down the fingers in a closed position to make rigid the muscles attached to this particular bone to prevent further movement and relieve the muscle pull of the bone——." The trial court also showed that although it was clear from the testimony infection had developed, yet the plaintiff testified that positively no pus drained from the bone—inferring the hand was not properly treated for that purpose—that the defendant found himself in difficulty in overcoming this infection and that there is no evidence plaintiff moved the hand, used it or injured it during the time the doctor was attending to it. After setting forth the testimony the trial court found that if the testimony furnished by the plaintiff was correct "the consequent stiffness, deformity and incapacitation apparently resulted from this want of reasonable care on the part of the defendant, and whether or not the defendant was negligent in this respect became a question of fact for the jury to pass upon.

The careful and exhaustive statement made by the trial court is in accordance with the various theories presented at the trial.

There is little, if any, value in setting forth the evidence in detail. The conflict is in matters which are vital to the issues. The plaintiff has furnished testimony which, if correct, sustains his theory to an extent sufficient to justify the verdict.

The jury having found in favor of the plaintiff and there being substantial evidence justifying the verdict the order of the trial court denying the motion for judgment notwithstanding the verdict or for a new trial is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.