## BOSICK v. OWL CREEK COAL COMPANY

(No. 1892; February 18, 1935; 41 Pac. 2d) 533)

For defendant in error, and in support of motion to dismiss, there was a brief and oral argument by *C. W. Axtell,* of Thermopolis.

For plaintiff in error and in resistance of the motion to dismiss, there was an oral argument by *H. S. Harnsberger.*

RINER, Justice.

This cause is before the court by proceeding in error and was heard upon a motion to dismiss, and also upon the merits subject to the disposition of that motion.

Upon the conclusion of the trial of the case which involved a disputed claim, under the workmen's compensation law of this State, in Hot Springs County, the employer requested the court to make special findings of fact, and conclusions of law. Over a year later, a similar request was tendered by the claimant. Subsequently and on June 1, 1932, the amended special findings and conclusions of law of the court were made upon which there was entered a judgment that the claimant take nothing. The same day claimant filed her motion for a new trial, incorporating therein several of the statutory grounds therefor.

Thereafter, by an order dated March 13, 1934, and filed the following day, the district court overruled the motion aforesaid. Pursuant to an application made by the claimant and filed May 11th, 1934, the court by an order both dated and filed that day, extended the time within which "to prepare and file her exceptions in writing to the decision heretofore rendered in said cause," to and including July 10th, 1934.

On May 11th, 1934, also, claimant filed a second motion for a new trial, on the ground that the official court reporter "has failed to furnish this claimant with

a complete transcript of the evidence" and that said reporter has advised claimant that "she will be unable to prepare and furnish a complete transcript of evidence in said cause, due to the fact that part of the testimony and evidence adduced at the trial of said cause has been lost or destroyed, and there is no record from which the same may be reproduced." This motion was by the court disposed of through an order dated July 6th, 1934, filed July 9th, 1934, and, omitting the title of the cause and judge's signature, reading:

"This matter coming on to be heard upon the motion of the claimant herein, Mary (Bika) Bosick, for a new trial because of the loss or destruction of the transcript of the evidence herein and it further appearing that heretofore the transcript of evidence in said cause has been mislaid or lost and was not found until the 3rd day of July, 1934, and it now appearing that the said transcript has been recovered and that the claimant herein, Mary (Bika) Bosick, can complete her Bill of Exceptions on or before the time limit which is the· 10th day of July, 1934, and the Court being now fully advised in the premises,

"IT IS ORDERED AND ADJUDGED that said motion for new trial be and it is hereby overruled and denied.

"DONE IN OPEN COURT this 6th day of July, A. D. 1934."

Upon Claimant's application, through an order likewise dated July 6th, and filed July 9th, 1934, the court directed that she be "given to and including the 20th day of August, A. D. 1934, within which to prepare and file her petition in error, bill of exceptions, and record on appeal herein, in the Supreme Court of the State of Wyoming." The record shows that the Bill of Exceptions in the case was duly presented to the trial judge for his signature, on July 7th, 1934, and that it was filed in the office of the Clerk of the District

Court at Thermopolis, Wyoming, on July 9th, 1934, such presentation and filing being accomplished within the extended time allowed by the Court therefor, as already detailed. The trial judge's certificate to the Bill of Exceptions recites that the bill contains, among other things:

"All of the evidence produced or offered or received in evidence upon the part of the claimant herein and the employer Coal Company herein upon the trial of said cause, saving and excepting a certain portion of the testimony of witness William J. Lloyd, consisting of a drawing made by said witness, altered and marked by him while testifying under oath and which testimony is referred to as "Plaintiff's Exhibit 1," all of which more certainly appears in the transcript of proceedings at question No. 159 on page 22 and which said testimony by drawing and marking has been lost or destroyed as appears by the affidavits attached to claimant's Motion for New Trial filed herein on the 11th day of May, A. D. 1934."

By an order dated August 17th, 1934, and filed August 20th, 1934, reciting that upon claimant's application, and "for good cause shown," the Court granted her "an extension of time to and including the 20th day of September, 1934, within which to perfect her appeal and file her petition in error in the Supreme Court of the State of Wyoming." The petition in error in the case was filed here August 21, 1934, and the bill of exceptions aforesaid on August 31, 1934.

The defendant in error's motion to dismiss is based upon the grounds that the "petition in error, bill of exceptions, and record on appeal were not filed in this Court within 70 days from the date of the decision, or order on motion for new trial"; that these papers were not filed here within "any extended time" beyond said 70 days allowed by court order; and that no valid order extending the time within which said papers could be filed was ever made by the trial court.

That part of the Statute (Revised Statutes of Wyoming 1931, Sec. 124-114) to which we must look for guidance in disposing of the motion reads as follows:

"Any order given and made in any investigation or hearing by a court or judge, pursuant to the provisions of this chapter, shall be reviewable by the state supreme court on proceedings in error in the manner prescribed by the code of civil procedure; provided, however, that the petition in error, bill of exceptions and record on appeal must be filed in the supreme court within seventy (70) days from the date of decision or order on motion for new trial by a court or judge, unless the time be extended by order of court or judge."

As we understand the argument of the claimant in opposing the motion to dismiss, it is urged that the order made on July 6th, 1934, overruling her second motion for a new trial filed May 11th, 1934, is the order governing the seventy-day period provided for by the statute, as quoted above, and hence that the petition in error and bill of exceptions were filed in this court within proper time. The order disposing of claimant's first motion for a new trial was dated March 13, 1934, as we have seen, and the statutory 70 day period thereafter expired on May 22, 1934. We do not find any order in the record which, in terms, purports to extend that time, and which, as it necessarily had to be, was made within the seventy (70) day period aforesaid.

It has already been mentioned that claimant's first motion was based upon certain grounds which are specifically designated by the law of this state as causes for the vacation of the decision of the court, verdict, or report, as the case may be, when movant's substantial rights are materially affected. These grounds, as is usual, attack the judgment on its merits as improperly disposing of the questions arising upon the

law and the evidence in the case. This motion was, of course, one such as is required by our Rule 13 relative to the review of a judgment by proceeding in error which states, among other things, in substance that this court will not on such a proceeding, consider a matter which "could have been *properly* assigned as a ground for a new trial in the court below, unless it appears that such matter was *"properly* presented to the court below by a motion for a new trial," that the motion was overruled, and exception taken to such ruling; all of which is required to be embraced in the bill of exceptions. (Italics ours.)

The claimant's second motion for a new trial filed nearly two years after the first one dealt with none of the matters with which that was concerned. It alleged the inability of the official court reporter to supply a complete transcript of evidence due to an irreparable loss of a part thereof—although it subsequently developed that this statement was not accurate,—and the completed bill of exceptions was, as a matter of fact, filed within the time fixed by the order of court extending the period for so doing. In that connection, it is said that an exhibit, a sketch made by the witness, William J. Lloyd, during the course of his cross-examination by claimant's counsel, and at the latter's request, and regarding which the witness was interrogated, was omitted from the bill of exceptions. The record seems to show that this sketch was lost and that it cannot be replaced. It is an all sufficient answer to this contention, that the record discloses that the sketch was never offered in evidence, and the court never made a ruling either admitting or rejecting it. The sketch, consequently, could not properly be incorporated in the transcript of the evidence, and the bill of exceptions.

The appellate courts of final authority in a number of states possessing code provisions indicating the

grounds upon which a new trial may be granted, similar in character to those prevailing in Wyoming, have held that the statutory enumeration of the grounds for a new trial is exclusive. 46 C. J. 80. In some other jurisdictions a different view is taken and other grounds are available. 46 C. J. 81. This court seems to have adopted the rule first above mentioned, for in Stanton v. C. B. & Q. R. Co., 25 Wyo. 138, 165 P. 993, after pointing out that the first motion for a new trial filed in that case contained "none of the grounds prescribed by the statute for a new trial," it was held that: "there was no error in the ruling on the first motion, as it was insufficient, stating no statutory ground for a new trial." So in the case at bar, there was no error in overruling claimant's second motion for a new trial.

It is clear, also, that it was not such a motion as required its decision to supply the element of finality to a judgment, and fix the time under the statute for filing the necessary papers in this court to secure a review thereof on proceedings in error. Conradt v. Lepper, 13 Wyo. 99, 78 P. 1. Claimant's second motion did not in any way question the correctness of the judgment now sought to be reviewed. It was concerned alone with a matter involving the proposed appellate procedure in the cause. The proper procedure in such a situation has been indicated by this court in Richardson v. State, 15 Wyo. 465, 89 P. 1027. That was a criminal case, it is true, but the practice and principles there established are equally applicable here.

In the Richardson Case, the defendant was convicted of the crime of murder. He filed a motion for a new trial and it was overruled during the May, 1906, Term of the District Court of Crook County, the same term at which the trial was held, and he was thereafter sentenced to death, the execution of such sentence be-

ing fixed for August 3rd, 1906. On June 25th, 1906, he filed a petition in error in this court, for a reversal of the judgment, assigning as error the overruling of his motion for a new trial. Thereafter, he experienced serious difficulty in obtaining a record showing his exceptions and the errors complained of, through no fault, negligence, or laches on his part or on the part of his counsel. Sundry extensions of time to file the record and briefs were granted by this court. Finally, he filed here a motion for an order granting a new trial on the ground that:

"Without fault on his part, but through the delay of the official stenographer in furnishing a transcript of the evidence, and the loss by that officer of the bill of exceptions and his note books containing the shorthand notes taken by him of so much of the evidence as had been transcribed and incorporated in the bill, he has been and is prevented from securing in the court below a bill of exceptions, and from filing in this court a record containing his exceptions."

The motion was not contested by counsel for the State, but the facts upon which it relied were conceded to be true. Holding that the order sought by the motion should be entered, this Court, in the course of an exhaustive examination of the matter in an opinion by Mr. Chief Justice Potter, used the following language:

"We find no express provisions of our statute authorizing a new trial for the reasons stated in the present motion, nor do we think this court would have jurisdiction to entertain such a motion as an original proceeding, or independent of a proceeding in error or some other authorized appellate proceeding, for the purpose of relieving one from a judgment rendered by a District Court. The motion here, however, is not an original proceeding. It was filed and we are considering it as incidental to a proceeding in error regularly instituted within the time allowed by law; and this court is vested both by the constitution and the statute with very comprehensive appellate powers * * *. Incidental

to the power to compel a correct record to be sent up, or a bill of exceptions to be settled, is the power, as it seems to us, of ordering a new trial of the cause, where it is made to appear that the only record in the cause has been destroyed without possibility of substitution through no fault of the appellant, or where, without fault on the part of the appellant or his counsel, but solely because of the neglect or delay of some court official, or some accident or act of providence for which no one is responsible, it has become impossible for a bill of exceptions to be settled, without which the errors complained of cannot be considered."

In the case at bar, nothing prevented claimant from filing her petition in error within the prescribed 70 day period following the overruling of her first motion for a new trial, and thereafter pursuing the course followed by the plaintiff in error, in the Richardson case. If she had done so, there would have been no difficulty in getting the record here within the statutory time, as properly extended. Had it developed that the transcript was irreparably lost and incapable of being reproduced, her rights would still have been preserved.

The motion to dismiss must be sustained.

There is another reason why it is proper to dismiss this case. A so-called abstract of the record has been filed which utterly fails to comply with our Rule 37. That portion of the rule pertinent here requires that: "In the case of oral testimony and depositions, the substance shall be reduced to narrative form except where, with respect to material portions of the record, it is deemed necessary to use the exact language thereof." The only material in said abstract which purports to present the oral testimony and evidence in the case is merely to the following effect:

"On the 5th day of November, 1931, at Thermopolis, Wyoming, the said cause having been adjourned at the previous hearing for the taking of further testimony,

said cause came on for further hearing before the Honorable E. H. Fourt, Judge of the District Court of the Ninth Judicial District. Testimony of witnesses was taken and exhibits offered and received in evidence. (Bill of Exceptions pp 51 to 128 incl.)"

Comment is unnecessary to point out that this material does not respond to the demand of the rule, and that the cause is subject to dismissal upon that ground. Simpson v. Occidental Bldg. & Loan Assn., 45 Wyo. 425, 19 P. (2d) 958.

Additionally, we may say that notwithstanding the condition of both abstract and record in this cause, we have taken the time and trouble to examine carefully all of the evidence submitted on the trial and, in our judgment, there was substantial foundation therein to support the view taken of the matter by the trial court. The result reached by the district court, we could hardly disturb were we permitted to consider the case on its merits.

*Dismissed.*

KIMBALL, Ch. J. and BLUME, J., concur.