[File No. 6616.]

PHILIP MATT, Respondent, v. TRUMAN NOMLAND, and Andrew Nomland, C. A. Sorenson and Frank W. Brown, Doing Business under the Name of Nomland Motor Company,

and

ANDREW NOMLAND, C. A. Sorenson and Frank W. Brown, Doing Business under the Name of Nomland Motor Company, Appellants.

(288 N. W. 558.)

Opinion filed November 17, 1939.

*Carroll E. Day,* for appellants.

*Charles A. Lyche* and *Fred E. Harris,* for respondent.

554

Morris, J. This is an action for damages brought by the surviving husband of Eva Matt, who died as a result of being struck by an automobile driven by the defendant, Truman Nomland. The case came on for trial in the district court of Grand Forks county on June 16, 1938. At the close of the plaintiff's testimony, counsel for Andrew Nomland, C. A. Sorenson and Frank W. Brown, copartners, moved for a dismissal of the case against these copartners upon the ground that the plain-

tiff had failed to prove a case against them or in any way connect them with the accident which resulted in the death of Eva Matt. The court granted the motion. The trial continued as to the defendant, Truman Nomland, and resulted in a verdict against him upon which judgment was duly entered on August 13, 1938. On June 29, 1938, a judgment was entered in the district court dismissing the action as to the defendants, Andrew Nomland, C. A. Sorenson, and Frank W. Brown, copartners, doing business under the name of the Nomland Motor Company. This judgment contains no recital as to whether the dismissal is with or without prejudice. The plaintiff made a motion to vacate the judgment of dismissal and for a new trial as against the defendants constituting the copartnership, which motion came on for hearing on the 28th day of December, 1938. A new trial was sought on the grounds of newly discovered evidence and errors of law occurring at the trial. In matters pertaining to this motion the plaintiff was represented by a different counsel than appeared for him at the trial. On the 27th day of January, 1939, the court entered its order granting the new trial. In his memorandum decision, filed as a part of the judgment roll, the trial court says, in part, "I do think that the court erred in sustaining the objection to the questions here complained of. There is also some merit in the newly discovered evidence, and with that, the case may be sufficient to go to the jury. This, coupled with the errors in ruling on the evidence, entitles the plaintiff to a new trial."

The defendants who constitute the copartnership appeal from the order granting the new trial. Truman Nomland does not appeal from the judgment against him.

Section 7659, N. D. Compiled Laws 1913, defines new trial as, "a re-examination of an issue of fact in the same court, after a trial and decision by a jury or court or by referees."

Section 7660, 1925 Supplement to Compiled Laws, specifies the causes for new trial, among them being,

"4. Newly discovered evidence material to the party making the application, which he could not with reasonable diligence have discovered and produced at the trial. . . .

"7. Error in law occurring at the trial and excepted to by the party making the application."

Section 7660, supra, contains the only grounds upon which a motion for a new trial may be based under our statutes.

"It has been repeatedly held in this and other jurisdictions that the statutory grounds for motion for a new trial are exclusive. Higgins v. Rued, 30 N. D. 551, 153 N. W. 389, and cases therein cited; Baker v. Citizens' State Bank, 74 Okla. 182, 177 P. 568; Stanton v. Chicago, B. & Q. R. Co. 25 Wyo. 138, 165 P. 993, 167 P. 709." Dubs v. Northern P. R. Co. 47 N. D. 210, 181 N. W. 606.

In the motion for new trial three grounds are alleged, namely, that the court erred in dismissing the action as to the defendants, Andrew Nomland, C. A. Sorenson, and Frank W. Brown; second, that the court erred in refusing to allow certain testimony sought to be elicited by the plaintiff; third, newly discovered evidence.

If an order granting a new trial is good on any of the grounds upon which the motion is based, the order must be sustained. We will, therefore, consider the three grounds upon which the motion in this case was made. The first ground to be considered is that based upon the dismissal of plaintiff's action by the trial court at the close of plaintiff's testimony. Section 7597, N. D. Compiled Laws 1913, prescribes when civil actions may be dismissed without a final determination of the merits. The action of the trial court was, undoubtedly, taken under this section. Under subdivision 3 thereof, the court may dismiss an action "when upon the trial and before the final submission of the case, the plaintiff abandons it, or fails to substantiate or establish his claim, or cause of action, or right to recover." Schoening v. Smith, 59 N. D. 592, 231 N. W. 278.

The dismissal of this case was made upon motion of the defendant and over the objection of the plaintiff. Where at the close of plaintiff's case the trial court grants a motion to dismiss over plaintiff's objection, the granting of such motion is equivalent to an involuntary nonsuit. 6 Ency. Pl. & Pr. 953. Such a dismissal, if erroneous, may be made the basis of a motion for new trial. Smith v. Hyer, 11 Cal. App. 597, 105 P. 787; McClurken v. Ralph's Grocery Co. 130 Cal. App. 529, 20 P. (2d) 66. An erroneous ruling on a motion for nonsuit is an error at law. Hayne, New Trial & Appeal, § 112; Dunham v. Byrnes, 36 Minn. 106, 30 N. W. 402. In this case the trial court granted the motion to dismiss. Later he granted a new trial upon a

motion which embodied, among other grounds, the erroneous granting of the motion to dismiss. If the order dismissing the case was erroneous, it was proper for the court to grant a new trial on that ground. On the other hand if the dismissal was proper no error was committed and a new trial could not be granted on the dismissal.

This action arises from the fatal injuries received by Eva Matt as the result of being struck by an automobile driven by the defendant, Truman Nomland. This automobile was the property of the defendant copartners. The case is not one to which the family car doctrine can apply. The members of the copartnership cannot be held liable unless agency in some form can be shown to exist between the driver of the car and the copartnership. Evidence adduced at the trial wholly fails to show any agency. On the other hand it affirmatively shows that Truman Nomland, at the time of the accident, was driving the car upon his own volition, and on his own business without authority to do so from the members of the copartnership or their agents. The facts proved at the trial wholly fail to show any liability on the part of the members of the copartnership. The court committed no error in granting the motion to dismiss and the dismissal furnished no ground upon which the court might later grant a new trial.

The second error at law upon which the motion for new trial was based and the one upon which the trial court lays considerable stress in his memorandum opinion, is predicated upon the action of the court in sustaining the objection to certain testimony of the witness, Gordon Longmuir. An examination of the transcript discloses that this witness was in the front of the Nomland Garage shortly after the accident and saw Truman Nomland come in and engage in conversation with a Mr. Brown and one of the partners. Longmuir was asked this question. "After you were in there for awhile did you observe anything unusual?" After answering the question as to what he observed, the witness started to repeat the conversation which he had overheard. Defendants' counsel then interrupted, saying, "I object to any testimony of conversation he heard. Pure hearsay and incompetent, irrelevant and immaterial." The court sustained the objection. The plaintiff claims that this was error. The witness was not asked to repeat the conversation. When he was interrupted by counsel he was not testifying in response to the question, but was volunteering to repeat a con-

versation he had overheard. Clearly error cannot be predicated on failure of the court to permit the witness after he has answered a question to continue to volunteer irresponsive testimony. This is true even though the objection is not made on the ground of irresponsiveness. Moreover, it does not appear from the record that the testimony which was about to be volunteered was such that its exclusion was to the detriment of the plaintiff, even had it been in response to a proper question.

The final ground for a new trial contained in the motion and included in the court's memorandum as a reason for granting a new trial, is that of newly discovered evidence. This evidence was presented to the trial court through the medium of three affidavits. The affidavit of R. H. Jagd, a police officer of the city of Grand Forks, states that on the 29th of January, 1938, he overheard a conversation wherein Andrew Nomland, one of the defendants, was talking over the telephone with some person whom Jagd believed to be Ed Matt, a son of the deceased and of the plaintiff. The affiant heard Andrew Nomland say, "That we, being the Nomland Motor Company, will take care of all expenses; that the Nomland Motor Company is insured and everything will be taken care of." The affiant understood the conversation to refer to the accident involved in this lawsuit. An affidavit of similar import is made by Al Gausvik, another police officer. He overheard the same conversation. The third affidavit was made by Philip Matt, the plaintiff in this action, who says that he knows nothing about legal procedure and has depended upon his attorney in all such matters, and that since the trial he has learned that Jagd and Gausvik overheard the conversation referred to in their affidavits, and that the plaintiff has diligently attempted to secure testimony concerning the accident and that the failure to procure the testimony of the two witnesses referred to was not the result of lack of diligence on the part of the plaintiff or his counsel. These affidavits do not present a sufficient showing of newly discovered evidence to warrant the trial court in granting a new trial upon that ground.

A motion for a new trial on the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court. This discretion will not be interfered with upon appeal unless it appears that such discretion has been abused. Blum v. Standard Oil Co. 68 N. D. 329, 279 N. W. 764, and cases cited therein.

"This discretion, however, is neither capricious, arbitrary, nor unrestricted. It is, on the contrary, a reasonable discretion, to be exercised with great caution, and in cases of abuse the trial court will be reversed by the reviewing court in this class of cases." Pengilly v. J. I. Case Threshing Mach. Co. 11 N. D. 249, 91 N. W. 63.

The case was dismissed as to the partners for failure of proof. The salient point of this failure was the absence of proof of agency. Where there is no conflict in the evidence or the presumptions that may reasonably be said to arise therefrom, the scope of authority of one driving an automobile belonging to another is a question of law for the court. Erickson v. Foley, 65 N. D. 737, 262 N. W. 177; McIntee v. Baker, 66 N. D. 669, 268 N. W. 661. If we add the purported newly discovered evidence to that already in the record there is still a failure of proof. The addition of this new evidence does not establish agency where none was shown to exist before. We thus arrive at the conclusion that the admission of the alleged newly discovered evidence upon a new trial would not make it probable that a different result would be reached.

Furthermore, there is a complete lack of a showing of diligence in discovering the proposed evidence. Two affiants are police officers in the city of Grand Forks wherein the accident occurred. It would seem that slight diligence in preparing for trial would have disclosed the testimony upon which the plaintiff now seeks to bring about a retrial of the case. The mere statement by the plaintiff that he and his counsel were diligent is not a showing of diligence. It is merely a conclusion. The rule as to the amount of diligence required must necessarily be somewhat elastic, nevertheless, the courts cannot ignore the provision of the statute that newly discovered evidence warranting a new trial must be that "which he could not with reasonable diligence have discovered and produced at the trial."

"An affidavit, presented to show diligence, in support of a motion for new trial on the ground of newly discovered evidence, should specifically state the acts performed in order that the court may determine what diligence was used, and mere general assertions of diligence are insufficient, as they constitute only the opinions or conclusions of the affiant." McGregor v. Great Northern R. Co. 31 N. D. 471, 154 N. W. 261, Ann. Cas. 1917E, 141.

The trial court's memorandum opinion indicates that he does not attach great importance to the newly discovered evidence, although he says it has some merit. It is improbable that this evidence would change the result of the trial or even make a case for the plaintiff as a matter of law. It does not go to the question of agency or to the authority of Truman Nomland to drive the death car for the other defendants. The plaintiff's case failed in the first instance for lack of such a showing. Even with the proposed evidence in the record the plaintiff's case would still be subject to a successful attack for insufficiency of the evidence. A new trial should not be ordered on the mere possibility that the plaintiff may supply a lack of evidence which was fatal to the case on the first trial and that the proposed newly discovered evidence will not supply. A new trial in this case may not be granted upon the showing made as to newly discovered evidence.

It appears that the court did not err in dismissing the case at the close of plaintiff's testimony for failure of proof, and that the court did not err in not permitting the witness, Longmuir, to give irresponsive testimony as to a conversation concerning which he had not been asked. No errors at law were committed at the trial. The showing as to newly discovered evidence is not sufficient to warrant the court in granting a new trial. The court, therefore, erred in granting the motion for a new trial and its order is, therefore, reversed.

NUESSLE, Ch. J., and CHRISTIANSON, BURR, and BURKE, JJ., concur.