Carl A. JOHNSON, pro se as his interest may appear, Appellant (Plaintiff),

v.

AETNA CASUALTY AND SURETY COMPANY OF HARTFORD, CONNECTICUT; Richard L. Bader; and Unknowns Obstructing Justice, Appellees (Defendants).

No. 5461.

Supreme Court of Wyoming.

June 30, 1981.

Rehearing Denied July 21, 1981.

Carl A. Johnson, pro se.

Richard P. Boley of Lathrop & Uchner, P.C., Cheyenne, for appellee Aetna Cas. and Sur. Co. of Hartford, Conn.; Donald J. Sullivan, Cheyenne, for appellee Richard L. Bader.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

After a trial to the court, a judgment in this case was rendered for appellees-defendants in an action on an insurance policy and premised upon alleged hail damage on June 16, 1977 to the roof of a residence owned by appellant-plaintiff. Appellees contest the fact of such damage, but they do not contest the fact that the hazard was covered by the policy and that it was in effect on that date. Appellant also contends that appellees had conspired to prevent payment to him under the policy for the alleged damage.

The trial court found generally for appellees, and it found:

" * * * no evidence of fraud or conspiracy on the part of defendant Bader, or Aetna, and further finding that plaintiff

has failed to prove that any damage to the roof of his property, which is the subject of this lawsuit, was caused by a hailstorn [sic] occurring on June 16, 1977 * * *."

We affirm.

▮ In neither his brief nor his reply brief did appellant indicate the legal error in the proceedings upon which he presented this appeal. During oral argument, he was requested repeatedly to designate such error. He did not do so. In his briefs and in oral argument, he recited actions taken by appellees and by others relative to his claim for damages which actions he contended to be improper, and he stated several times that the evidence to sustain his position was in the record and on the roof itself. The only potential for designation of reviewable error in appellant's briefs and argument is that the findings of fact made by the trial court were not supported by substantial evidence. But it is apparent that appellant does not understand the standard by which we must approach this issue. In his reply brief, he mistakenly says that the Wyoming Supreme Court:

"* * * can take a case from start to finish *on the merits* or remand it to the lower court when justice requires. * * *" (Emphasis added.)

We have often repeated the correct standard by which we view facts found by the district court. It is as stated in *Madrid v. Norton*, Wyo., 596 P.2d 1108, 1117 (1979):

"* * * There are settled appellate concepts which we follow, all for the most part favorable to the party prevailing in the trial court. An appealing party has a heavy burden to overcome. We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. *Jelly v. Dabney*, Wyo.1978, 581 P.2d 622, 624; *Laramie Rivers Co. v. Pioneer*

*Canal Co.,* Wyo.1977, 565 P.2d 1241, 1243–44; West's Wyoming Digest, Appeal & Error ▮ and 989. In this case, there were special findings of fact which must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. *Diamond Management Corp. v. Empire Gas Corp.,* 594 P.2d 964 (1979); *LeBar v. Haynie,* Wyo.1976, 552 P.2d 1107, 1110. Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness— all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. *Koch v. Brown,* Wyo.1965, 401 P.2d 459. Credibility of witnesses is for the trial court. *Hench v. Robinson,* 1955, 75 Wyo. 1, 291 P.2d 417; *Eblen v. Eblen,* 1951, 68 Wyo. 353, 234 P.2d 434. Appellate courts cannot try a case de novo. *Marken v. Goodall,* 10th Cir. 1973, 478 F.2d 1052." (Footnote omitted.)

Uncontradicted evidence in this case established the following facts: Appellant's residence was insured against hail damage by appellee Aetna Casualty and Surety Company of Hartford, Connecticut. The policy was written by Ed Murray & Sons, an insurance agency in Cheyenne. Mr. Bill Murray wrote to appellant on March 16, 1978 to inform him that the policy would not be renewed upon expiration date of March 31, 1978 because "[a] recent inspection * * * revealed that the condition of these buildings does not meet the Aetna's underwriting criteria."[1] Shortly thereafter, appellant reported to Mr. Murray that

---

1. Aetna did renew the policies because it felt that the original notice of cancellation was in-

sufficient, but it later cancelled the policies pursuant to their terms.

his residence (together with three other residences) had been damaged by hail on June 16, 1977. Appellant subsequently filed a written proof of loss on April 7, 1978. Appellee Bader, an employee of McMillan Claim Service, was assigned to investigate appellant's claim. He reported in part:

" * * * Considering the age of the roofs they obviously have been usbject [sic] to prior hail storms but to distinguish numbers and extent of damages would be impossible. A good deal of the splitting is the result of natural deterioration. Surprisingly even though the roof surfaces are old none really warrant replacement at this time. Your insured has become most insistent on presenting a claim for the accumalative [sic] damage sustained by all the structures. Lacking specific loss dates or amounts of damage he has made an offer that we consider a payment of $200 per risk or a total settlement of $800. This amount he feels will allow him to purchase the necesary [sic] materials to render repairs. I have attempted to explain the mechanics of the policy pertaining to specific losses but to no avail. Accumalative [sic] wind storms through the years have removed some shingles but this would be subject to deductibles. Accumalative [sic] hail over the years has caused some damage to the roofs, but again to identify the amount on an individual basis would be impossible. The insured contends that hail caused damage to the paint on the north and west sides of these structures but again because extreme weathering has taken its toll it would be impossible to determine to what extent if any. All in all there appears to be little foundation to make a payment based on specific damage though your insured has promised that he will pursue this matter. * * * "

Aetna denied the claim because it believed the claim was not timely filed; because it believed the property was not damaged by hail in June 1977; and because it believed that any damage to the property was an accumulation of injuries over a period of time and not a specific loss.

There was contradictory evidence relative to the fact of hail damage on June 16, 1977 and relative to the identity of the person who inspected the property and took photographs of it in the first part of March 1978. Appellant testified that there was hail damage to the roof on June 16, 1977 and that he had made temporary repairs because of such damage. He also testified that appellee Bader was the person who inspected the property and took photographs of it in March 1978, before the claim was made. He argues that such was done in conspiracy with others to cancel his insurance policy and prevent proper recovery under it. Appellant's neighbor, Leo Pacheco, also identified appellee Bader as such person. However, Mr. Murray testified that he inspected each property insured through the Ed Murray & Sons Agency shortly before the renewal date of the policy on such property to determine if the insurance on it was adequate. He testified that it was in accordance with such policy that he made an inspection of appellant's residence and took photographs of it in the first part of March 1978 and before appellant made his claim. He stated that the purpose of his inspection was to appraise the property and not for the purpose of adjusting a damage claim. Appellee Bader testified that he inspected appellant's residence only on March 29, 1978, after appellant made his claim, and that the purpose of his inspection was to adjust such claim. His report, part of which is quoted supra, was admitted into evidence, and he testified substantially in accordance therewith. He also testified that he adjusted many claims for hail damage resulting from a hail storm in Cheyenne in June 1977, but that none of the claims were in the neighborhood of appellant's property, and that that storm did not occur in that area.

■ Thus, substantial evidence was presented to support the finding that appellant had failed to prove a conspiracy on the part of appellees or to prove hail damage to appellant's residence on June 16, 1977. As already noted, on appeal we can look only to this evidence in favor of appellees and *leave out of consideration entirely the evi-*

*dence of appellant, the unsuccessful party,* which is in conflict therewith.

█ Thus, appellant cannot prevail on the only potential for reviewable error set forth in his briefs and argument. And we cannot search further for error in the proceedings. Appellant must specify the errors upon which he seeks reversal on appeal. *Marion v. City of Lander,* Wyo., 394 P.2d 910 (1964), *cert. denied* 380 U.S. 925, 85 S.Ct. 929, 13 L.Ed.2d 810 (1965), *reh. denied* 380 U.S. 989, 85 S.Ct. 1352, 14 L.Ed.2d 283 (1965); *Beck v. Givens,* 77 Wyo. 176, 313 P.2d 977 (1957).

> " * * * A general attack amounting only to a statement that a trial court's findings are wrong and those proposed by appellants are correct is a violation of the rule requiring proper submission of briefs and the requirement that alleged errors be supported by authority *and* cogent argument. * * * " *Scherling v. Kilgore,* Wyo., 599 P.2d 1352, 1359 (1979).

█ Appellant represented himself in this matter. One has the right to appear pro se; but when a person chooses to do so, he must be held to the same standard as if he were represented by counsel. He cannot expect the court or the attorneys for other parties to present his case. He cannot be given an advantage by virtue of his pro se appearance, and he cannot be placed at a disadvantage thereby—other than whatever disadvantage results from his decision to proceed without the assistance of counsel. *Stanton v. Chicago,* B. & Q. R. Co., 25 Wyo. 138, 165 P. 993 (1917), *reh. denied* 25 Wyo. 138, 167 P. 709 (1917); *Suchta v. O. K. Rubber Welders, Inc.,* Wyo., 386 P.2d 931 (1963).

Affirmed.